(934 P.2d 154)

No. 75,062

MIDWEST PROPERTIES, L.C., *Appellee;* v. SHERRY HARVEY, *Appellant.*

—

Opinion filed February 21, 1997.

*Pantaleon Florez, Jr.*, of Florez & Frost, P.A., of Topeka, for appellant.

*Bruce W. Beye*, of Overland Park, for appellee.

Before PIERRON, P.J., ROGG, S.J., and DAVID PRAGER, Chief Justice Retired, assigned.

ROGG, J.: Sherry Harvey appeals from the district court's decision granting possession of a mobile home lot to Midwest Properties, L.C. (Midwest) in a forcible detainer action.

Sherry Harvey for a number of years rented a mobile home lot from Midwest. Harvey was renting from month to month. On January 3, 1995, Harvey received a notice to vacate on or before March 5, 1995.

Harvey and Midwest have had a long-term dispute because of Harvey's many complaints and Midwest's previous attempts to evict her. At trial, the court took judicial notice of another of its cases, No. 93 LA 7929. In No. 93 LA 7929, the court took evidence on November 30, 1993, and September 30, 1994, and issued a

letter opinion on December 7, 1994. In No. 93 LA 7929, the court denied the petition for possession because of failure to follow the notice provisions in K.S.A. 58-25,105. The court also found that the action was a retaliatory eviction based on Harvey's "past action on behalf of mobile home owners" and awarded Harvey one and one-half months' rent. The district court concluded that "the retaliation covered by this letter decision has ceased."

In this case, Harvey claimed that because the eviction notice was given less than 30 days after the decision in No. 93 LA 7929, it amounted to a retaliatory act. Harvey testified that on November 30, 1994, she sent a letter to the Topeka city attorney complaining of the city's placement of individual water meters on the mobile home lots. She contended this was done at the request of Midwest, violating the statutory 60-day notice provision for changes in a rental agreement. Apparently, Harvey refused to pay a $25 deposit the city requested (because she paid her rent, implying that rent included any water charges), and the city turned off her water. Harvey claimed a health and safety risk was then created because she operates a licensed day care at her home.

In its memorandum decision filed July 10, 1995, the district court ruled that because in No. 93 LA 7929 the court specifically found that retaliation had ceased, the time frame to find that Harvey did some protected act should be from September 30, 1994 (the date of the last hearing in case No. 93 LA 7929) until January 3, 1995 (the date Harvey received notice of Midwest's intent to terminate her possession of the lot). The only evidence of a possible protected act under K.S.A. 58-25,125 was the November 30, 1994, letter to the city attorney. The court found Harvey did direct a complaint to a government entity; however, the complaint did not specifically complain of acts by Midwest and did not show that "health and safety" factors were involved. The decision granted Midwest possession as of August 1, 1995.

A preliminary issue is this court's jurisdiction to hear this appeal. The district court filed its memorandum decision on July 10, 1995. An appeal from an action for forcible detainer must be filed within 5 days after entry of judgment. K.S.A. 61-2102(a). Harvey filed a motion for extension of time to file her notice of appeal due to

excusable neglect. The district court granted Harvey 30 days from July 15, 1995, within which to file her appeal. Harvey filed her notice of appeal on August 11, 1995.

K.S.A. 60-2103(a) provides, in relevant part, that "upon a showing of excusable neglect based on a failure of a party to learn of the entry of judgment the district court in any action may extend the time for appeal not exceeding 30 days from the expiration of the original time herein prescribed." Midwest claims Harvey had to file by August 9, 1995, contending that the 30-day extension should run from the date of the entry of judgment. Under K.S.A. 60-2103(a), if the district court extends the time for an appeal, the 30 days start from the *expiration of the original time within which to file the notice of appeal.* In a forcible detainer action, this would be 5 days after entry of judgment. The district court gave 30 days from July 15, 1995. Weekends and holidays are not counted when the time for filing a notice of appeal is 10 days or less. K.S.A. 60-206(a). Therefore, Harvey had 30 days from July 17, 1995, to file her appeal, or until August 16, 1995.

Even if Midwest's interpretation is correct, it failed to consider the 3-day mail rule of K.S.A. 60-206(e). Notice of the filing of the judgment was given by mail. Harvey filed her notice of appeal 32 days after the entry of judgment. The 3-day mail rule would allow a filing up to 33 days. This court has jurisdiction to hear Harvey's appeal.

Harvey claims the district court misapplied the Mobile Home Parks Residential Landlord and Tenant Act, K.S.A. 58-25,100 *et seq.,* to the facts of her case. The issue of whether the district court correctly applied the Act requires interpretation of statutory law. This court's review of questions of law is unlimited. See *Todd v. Kelly,* 251 Kan. 512, 515, 837 P.2d 381 (1992).

Harvey claims that the Act is remedial law and, therefore, this court must liberally interpret it. " '[R]emedial legislation should be "liberally construed to effectuate the purpose for which it was enacted." ' " *Smith v. Marshall,* 225 Kan. 70, 75, 587 P.2d 320 (1978) (quoting Chief Judge Foth's dissent in *Smith v. Marshall,* 2 Kan. App. 2d 213, 217, 577 P.2d 362, *rev'd* 225 Kan. 70, 587 P.2d 320 [1978]). "Remedial laws or statutes" are defined as "[l]egislation

providing means or method whereby causes of action may be effectuated, wrongs redressed and relief obtained." Black's Law Dictionary 1293 (6th ed. 1990).

Specifically, Harvey maintains she had a viable defense to Midwest's action for forcible detainer under K.S.A. 58-25,125. K.S.A. 58-25,125 states in relevant part:

"(a) Except as provided in this section, a landlord shall not retaliate by increasing rent or decreasing services or by failing to renew a rental agreement after any of the following:

(1) The tenant has complained to a governmental agency charged with responsibility for enforcement of a building or housing code of a violation applicable to the mobile home park materially affecting health and safety;

(2) the tenant has complained to the landlord of a violation under K.S.A. 58-25,111; or

(3) the tenant has organized or become a member of a tenant's union or similar organization."

The legislature enacted K.S.A. 58-25,100 *et seq.* effective January 1, 1993. K.S.A. 58-25,125 parallels K.S.A. 58-2572 of the Residential Landlord and Tenant Act, K.S.A. 58-2540 *et seq.* Our courts have not had an opportunity to interpret retaliatory eviction under either statute.

Initially, it should be recognized that Harvey had a month-to-month tenancy or a tenancy at will. K.S.A. 58-25,105(d) provides that a month-to-month tenancy shall be terminated by at least 60 days' written notice given by either party. The parties agree that Midwest's termination notice complied with K.S.A. 58-25,105(d).

Harvey has three lines of argument to support her claim of retaliatory eviction:

(1) Under K.S.A. 58-25,125(a)(1), her complaint to the city about health and safety risks because of the water shutoff was the reason for the eviction and, thus, amounted to a retaliatory eviction. Harvey's argument that the interruption of water services to her day care center materially affected the health and safety of the children is not supported by the record. The complaint to the city attorney concerning installation of individual water meters does not constitute a complaint regarding a housing code violation materially affecting health and safety.

There is no evidence in the record as to when her water was turned off. Appellant has the burden of establishing a record on appeal to support her allegations of error. See *McCubbin v. Walker*, 256 Kan. 276, 295, 886 P.2d 790 (1994).

(2) In the alternative, her complaint was one under K.S.A. 58-25,125(a)(2) and, therefore, a protected act. Harvey claims that Midwest did not give 60 days' notice as provided by K.S.A. 58-25,109(f) for a rent increase. The rent increase is claimed as a result of the new water meter installation. A complaint concerning K.S.A. 58-25,109(f) is not a protected act under K.S.A. 58-25,125(a)(2).

(3) Midwest's attorney's comments that Harvey frequently complained show retaliatory motive, though not contemplated under K.S.A. 58-25,125. Harvey claims that Midwest's attorney's comments at trial contending that Harvey is a "nuisance" because of her numerous unfounded complaints shows in itself a retaliatory motive. We find this claim to be without merit.

Harvey further claims that the real issue before this court is how long she "remains under the umbrella of protection" following engagement in protected conduct. Here, she appears to argue that she is still protected from eviction by the acts in case No. 93 LA 7929. She also argues that the notice terminating the tenancy coming less than 30 days after the judgment in 93 LA 7929 is in itself prima facie evidence of retaliatory eviction.

K.S.A. 58-25,125 does not provide any time frame, after a finding of retaliatory eviction that a landlord must wait before giving a new notice of eviction. The Act further does not provide that after a finding of a retaliatory eviction, a landlord must then prove good cause for a subsequent eviction. Harvey asks the court to provide relief in both of these by providing what the legislature did not.

The district court in this case concluded the effect of the court's determination in No. 93 LA 7929 was that "both the tenant and the owner began anew at the conclusion of the hearing on 93 LA 7929." Harvey argues that the landlord must be required to show good cause for eviction to eliminate the presumed retaliatory motive, consistent with K.S.A. 58-25,125(c). We decline Harvey's re-

quest to add to the statute what the legislature has not provided. If the legislature wishes to address this issue, it is the proper body to do so. This is relatively new legislation and best left to the body which adopted it to make any changes to it.

Affirmed.