(329 P.3d 536)

No. 110,315

KITE'S BAR & GRILL, INC., d/b/a KITE'S GRILLE & BAR, *Appellant*, v. KANSAS DEPARTMENT OF REVENUE, ALCOHOLIC BEVERAGE CONTROL DIVISION, *Appellee*.

—

Opinion filed June 27, 2014.

*Jeremiah L. Platt*, Clark & Platt, Chtd., of Manhattan, for appellant.

*Sarah Byrne*, assistant attorney general, for appellee.

Before BUSER, P.J., STEGALL, J., and BUKATY, S.J.

BUKATY, J.: The Alcoholic Beverage Control Division (ABC) of the Kansas Department of Revenue (KDOR) suspended the liquor license of Kite's Bar and Grill (Kite's) for 4-weekend days due to a minor obtaining or possessing alcohol on Kite's premises. Kite's appealed through the administrative process and then to the district court, which upheld the suspension. Kite's appeals to this court arguing first that statutory law does not impose strict liability upon it in this civil action when a minor possesses alcohol while on its premises. Secondly, it argues the district court incorrectly found that substantial compliance by ABC was all that was necessary to give notice to Kite's of the administrative action.

We reverse, finding the applicable notice provisions of the Kansas Liquor Control Act (Act) specifically require ABC to deliver a citation to Kite's at the time of the violation and, because ABC did not do so here, the citation it later mailed to Kite's was unenforceable and void. That renders the first issue moot.

Neil Ramsey, an officer with the Riley County Police Department, performed a routine bar check at Kite's on the evening of December 18, 2010. Inside the bar, he saw a young woman quickly set down a can of beer and walk around to sit when she saw the officer. Ramsey approached, and the woman provided a driver's license that showed she was 19 years of age. Ramsey took the minor to a police station and issued her a citation for minor in possession. When he checked the beverage by pouring it out, the contents of the can were consistent with beer. Ramsey later returned to Kite's and told an employee there about the incident and that a report would be filed. He did not remember the specific person he talked to, just that it was "the manager."

Based upon those events, ABC issued a civil citation to Kite's on January 13, 2011, for allowing a minor to possess alcohol on its premises. See K.S.A. 2013 Supp. 41-2615(a). Following an evidentiary administrative hearing, the director of ABC found Kite's guilty of violating the statute and ordered Kite's liquor license suspended for 4-weekend days.

Kite's filed a notice of appeal to KDOR pursuant to K.S.A. 41-321 and argued the same issues it raises in this appeal. KDOR

upheld the ABC director's ruling. Kite's petitioned for judicial review to the district court which upheld the KDOR's decision.

We will first address Kite's second issue that the district court erred in ruling that ABC substantially complied with statutory requirements in giving it notice of its citation. Kite's alleges that ABC, KDOR, and the district court all improperly interpreted K.S.A. 41-106, which requires a citation be issued at the time of the violation and then a copy of that notice be mailed to the licensee within 30 days. ABC argues the district court and KDOR correctly interpreted the statute to allow for substantial compliance and that ABC substantially complied even when it failed to issue a citation at the time of the violation and only mailed notice of the citation within 30 days.

We begin by setting forth the legal principles that make up our standard of review under the facts of this case. An appeal from an administrative agency's final order is subject to judicial review under the Kansas Judicial Review Act (KJRA). K.S.A. 2013 Supp. 77-603(a). "The burden of proving the invalidity of the agency action is on the party asserting the invalidity." K.S.A. 2013 Supp. 77-621(a). An appellate court may grant relief from an agency action if it determines that "the agency has erroneously interpreted or applied the law." K.S.A. 2013 Supp. 77-621(c)(4). In reviewing the interpretation of the law, the appellate court gives no deference to the administrative agency's interpretation of the law. *Douglas v. Ad Astra Information Systems*, 296 Kan. 552, 559, 293 P.3d 723 (2013). Statutory construction is an issue of law over which appellate courts have unlimited review. See *Milano's Inc. v. Kansas Dept. of Labor*, 296 Kan. 497, 500, 293 P.3d 707 (2013).

Regarding the interpretation of a statute:

"The fundamental rule of statutory interpretation to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. Its intent is to be derived in the first place from the words used. [Citation omitted.] When statutory language is plain and unambiguous, there is no need to resort to statutory construction. [Citation omitted.] An appellate court merely interprets the language as it appears; it is not free to speculate and cannot read into the statute language not readily found there. [Citation omitted.]" *Shrader v. Kansas Dept. of Revenue*, 296 Kan. 3, 9-10, 290 P.3d 549 (2012).

The portion of the Act at issue here requires:

"Any citation issued for a violation of the liquor control act or the club and drinking establishment act shall be delivered to the person allegedly committing the violation at the time of the alleged violation. A copy of such citation also shall be delivered by United States mail to the licensee within 30 days of the alleged violation. If such citation and copy are not so delivered, the citation shall be void and unenforceable." K.S.A. 41-106.

This statute is plain and unambiguous. ABC admits so in its brief. It clearly requires both a citation be delivered to the person allegedly committing the violation at the time of the violation and a copy delivered by mail to the licensee within 30 days. The statute then more explicitly makes this point by requiring that if both the "citation and copy" are not delivered as required the citation is void. K.S.A. 41-106. As we stated, no one from ABC or the investigating officer issued a citation to anyone at the time of the alleged violation in this case, and no one ever complied with the explicit requirements of K.S.A. 41-106.

ABC argues that we should interpret this provision of the Act to allow for substantial compliance with its requirements rather than strict adherence. Specifically, ABC asserts the Act is "remedial legislation" that should be liberally construed and viewed in consideration of the entire Act. It further argues it would be much more difficult to regulate alcohol if an ABC officer was required to issue a citation at the time of the event, rather than issue one later based upon a police report. It argues the legislature could not have intended such a situation. However, it does not provide any direct caselaw or statutory authority for its argument that the Act is either remedial or that the doctrine of substantial compliance should be applied to these notice requirements.

ABC claims "[i]t is clear from a consideration of the entire act that the legislature intended ABC to take remedial action against a licensee who violates a provision of the act." "[R]emedial legislation should be 'liberally construed to effectuate the purpose for which it was enacted.'" *Smith v. Marshall*, 225 Kan. 70, 75, 587 P.2d 320 (1978) (quoting Chief Judge Foth's dissent in *Smith v. Marshall*, 2 Kan. App. 2d 213, 217, 577 P.2d 362 [1978]). We agree that courts should construe remedial legislation liberally, but we

question whether the Act is remedial such that it requires liberal construction of its notice requirements.

" 'Remedial laws or statutes' are defined as '[l]egislation providing means or method whereby causes of action may be effectuated, wrongs redressed and relief obtained.' " *Midwest Properties v. Harvey*, 23 Kan. App. 2d 524, 526-27, 934 P.2d 154 (1997) (quoting Black's Law Dictionary 1293 [6th ed. 1990]). The next edition of Black's Law more succinctly defines a remedial law as: "1. A law providing a means to enforce rights or redress injuries. 2. A law passed to correct or modify an existing law esp., a law that gives a party a new or different remedy when the existing remedy, if any, is inadequate." Black's Law Dictionary 1296 (7th ed. 1999). The notice provisions of the Act do not appear to fall under this definition of a remedial law.

Also, many Kansas statutes contain specific language that states the law should be construed as remedial. See K.S.A. 60-1713 dealing with declaratory judgments ("This act is remedial in nature and its purpose is to settle and provide relief from uncertainty and insecurity with respect to disputed rights, status and other legal relations and should be liberally construed and administered to achieve that purpose."); K.S.A. 21-2506 dealing with identification and detection of crimes and criminals ("It is hereby declared that this act is for the public safety, peace and welfare of the state, is remedial in nature, shall be construed liberally, and in case any part thereof shall be declared unconstitutional it shall not in any way affect any other part hereof."); see also K.S.A. 2013 Supp. 8-1001(v) dealing with the testing of vehicle drivers for drugs and alcohol ("This act is remedial law and shall be liberally construed to promote public health, safety and welfare."). ABC does not cite to, and the Act does not appear to contain, any provision stating the law is remedial and should be construed in that manner. Had the legislature intended such, it could easily have provided for it. We decline ABC's invitation to make such a statement of policy, and we leave such matters to the legislature.

ABC also argues that enforcement of the provision would be absurd because it does not have the resources as an agency to enforce the Act if it requires its agents to actually be present to

witness the violations and issue civil citations at the time they occur. However, we are unaware of any reason why the inability (if such exists) of an office to regulate a large industry should be reason enough in itself to ignore explicit notice provisions of the Act, even when construing the purpose of the Act is to limit commerce in alcoholic liquor as provided for in K.S.A. 2013 Supp. 41-108. Nor does ABC cite us to any legal authority for the proposition.

ABC appears to argue that because the purpose of the Act is to regulate the sale and distribution of alcohol, and to specifically prevent minors from consuming alcohol on premises such as Kite's, we should find that substantial compliance with the notice requirements of the Act is sufficient to ignore the specific language of the statutory provision in issue here. However, both of the specific notice requirements of K.S.A. 41-106 appear to be more helpful in regulating commerce in alcoholic liquor and in prohibiting minors from consuming alcohol in bars and clubs rather than hindering its regulation. The issuance of a citation at the time of the violation gives immediate notice to the violator and/or the licensee that there has been in fact a violation of the law. It then affords the licensee an opportunity to immediately take corrective steps to fix the violation and thus more likely limit the continuation of any violations. The failure to issue a citation at the time of the violation could very possibly allow the violations to continue for as long as 30 days or until a violator receives a citation in the mail perhaps several weeks after it occurred.

Even if substantial compliance is all that is necessary to notify a licensee, it is certainly not clear that it occurred under the facts here. Substantial compliance means " ' "compliance in respect to the essential matters necessary to assure every reasonable objective of the statute." ' " *Orr v. Heiman*, 270 Kan. 109, 113, 12 P.3d 387 (2000). In this case, the officer told a "manager" only that there would be a report, making it unclear if a violation had occurred. The officer did not remember the specific person who was the manager, making it unclear then that the bar received any notice of a violation at all before receiving the citation in the mail. As we stated, if the reasonable objective of the statute is to put the violator

on notice of a violation and notice to correct it, it is unclear that the officer's actions were enough in this case.

In summary, the requirements of K.S.A. 41-106 that a citation be issued at the time of the violation and a copy mailed to the licensee within 30 days are explicit and unambiguous. ABC has not presented a compelling argument that can overcome the clear language of the statute. Nor has it provided any statutory or caselaw authority that allows substantial compliance to apply to the agency's action in this case. As such, the statutory directive that "[i]f such citation and copy are not so delivered, the citation shall be void and unenforceable" applies and ABC's citation to Kite's for permitting a minor to consume alcohol was unenforceable.

Our ruling on this issue then renders moot the issue of whether K.S.A. 2013 Supp. 41-2615 imposes strict liability on Kite's to prohibit minors from possessing alcohol on its premises.

Reversed.