No. 117,187

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL D. SOTTA,
*Appellant*.

SYLLABUS BY THE COURT

1.

Under K.S.A. 2016 Supp. 22-4902(e)(2), the district court must make a finding on the record that the defendant used a deadly weapon in the commission of a person felony in order to require registration under the Kansas Offender Registration Act.

2.

Under the facts of this case, where during the plea hearing, the defendant twice stated in response to inquiries from the district court that he had knowingly placed another person in reasonable apprehension of immediate bodily harm with a deadly weapon, a sufficient basis was established for an order that the defender register as a violent offender under the Kansas Offender Registration Act.

Appeal from Sumner District Court; WILLIAM R. MOTT, judge. Opinion filed January 26, 2018. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Jessica E.M. Browning*, deputy county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., PIERRON, J., and BURGESS, S.J.

PIERRON, J.: Michael D. Sotta pled guilty to one count of aggravated assault with a deadly weapon and one count of aggravated burglary. The district court sentenced him to 32 months' imprisonment and ordered him to register as a violent offender under the Kansas Offender Registration Act (KORA). Sotta appeals, arguing the district court erred in requiring him to register under KORA because it did not find on the record that he used a deadly weapon when he committed aggravated assault. We affirm.

On September 8, 2016, Sotta pled guilty to one count of aggravated assault with a deadly weapon, a severity level 7 person felony, and one count of aggravated burglary, a severity level 5 person felony. At the plea hearing, the following colloquy took place:

"THE COURT: To the charge made in Count 1 of the complaint, aggravated assault with a deadly weapon, how do you plead?

"[SOTTA]: Guilty.

. . . .

"THE COURT: It's alleged that on or about July 8th, and 10th, and 11th, 2016 here in Sumner County—it looks like July 10th on these two, here in Sumner County . . . with regard to Count 1, you knowingly placed another person in reasonable apprehension of immediate bodily harm with a deadly weapon, that being you fired a gun at Todd Tomey, while you were fleeing from Tomey's residence, putting a bullet hole in the side of Tomey's residence.

"So basically it's alleged you knowingly placed Todd Tomey in reasonable apprehension of immediate bodily harm with a deadly weapon by firing that gun at him.

"Did you do what the State says you did?"

"[SOTTA]: Yes."

The district court sentenced Sotta to 32 months in prison for the aggravated burglary and 12 months in prison for the aggravated assault, with the sentences to run

2

concurrently. The court also ordered him to register as a violent offender under KORA. Sotta appeals.

On appeal, Sotta argues the district court erred in ordering him to register as a violent offender under KORA. He notes that under K.S.A. 2016 Supp. 22-4902(e)(2) the district court must make a finding on the record that the defendant used a deadly weapon in the commission of a person felony in order to require registration. He contends the district court did not make any such finding.

The State responds that the district court did make a deadly weapon finding. The State points to the plea colloquy in which the court recited the factual basis for Sotta's plea, including that Sotta had committed aggravated assault "with a deadly weapon by firing a gun at [the victim.]" It asserts this constitutes a deadly weapon finding for the purposes of K.S.A. 2016 Supp. 22-4902(e)(2).

Sotta did not raise this issue before the district court. The parties are not in dispute regarding what the court did. The challenge is whether the court's actions complied with the controlling statutes. As such, Sotta presents only a question of law which we may address for the first time on appeal. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). As this issue presents a question of law, we have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

K.S.A. 2016 Supp. 22-4902(a) defines "offender" for the purposes of KORA, which includes "violent offender." K.S.A. 2016 Supp. 22-4902(a)(2). Violent offender includes anyone convicted of certain crimes listed in K.S.A. 2016 Supp. 22-4902(e)(1). Violent offender also includes any person who "on or after July 1, 2006, is convicted of any person felony and the court makes a finding on the record that a deadly weapon was used in the commission of such person felony." K.S.A. 2016 Supp. 22-4902(e)(2). Aggravated assault is a person felony, but it is not one of the crimes listed in K.S.A. 2016

3

Supp. 22-4902(e)(1). Therefore, in order for the district court to order a defendant convicted of aggravated assault to register, the court must make a finding on the record that a deadly weapon was used in the commission of the assault.

This case is very similar to *State v. McCraw*, No. 115,146, 2017 WL 1196726 (Kan. App. 2017) (unpublished opinion). In *McCraw*, the defendant pled guilty to aggravated battery. During the plea hearing, the district court asked the defendant if it was true that he "'knowingly caused bodily harm to another person . . . with a deadly weapon, which was [his] automobile.'" The defendant replied, "Yes." 2017 WL 1196726, at *3. The *McCraw* court found that the district court had made a deadly weapon finding on the record and could order the defendant to register as a violent offender. 2017 WL 1196726 at *3-4. Here, much like in *McCraw*, the district court twice stated the factual basis for Sotta's plea, including that Sotta had put another person in reasonable apprehension of immediate bodily harm with a deadly weapon, and the weapon was a gun. Therefore, the court's statement at Sotta's plea hearing constituted a finding on the record that he had committed aggravated assault with a deadly weapon.

Even if the district court's statements at the plea hearing do not constitute an explicit deadly weapon finding, we have also upheld registration requirements despite the lack of an explicit finding. In *State v. DeJesus*, No. 101,670, 2010 WL 2044928 (Kan. App. 2010) (unpublished opinion), the court found that the district court had made a deadly weapon finding because the district court stated the defendant was convicted of "'aggravated assault with a deadly weapon,'" and the journal entry noted that the defendant committed "'the current crime with a deadly weapon.'" 2010 WL 2044928, at *5. Here, in addition to the plea hearing, the district court stated multiple times at sentencing that Sotta was convicted of "aggravated assault with a deadly weapon." Moreover, the journal entry noted Sotta "as determined by the court, commit[ted] the current crime with a deadly weapon." Based on *DeJesus*, the district court made a deadly weapon finding on the record.

4

Sotta cites to a number of Court of Appeals cases that vacated an order to register, but all of these cases are distinguishable. In *State v. Washington*, No. 108,580, 2014 WL 278724 (Kan. App. 2014) (unpublished opinion), the district court made a deadly weapon finding after sentencing. In *State v. Thomas*, No. 109,951, 2014 WL 3020029 (Kan. App. 2014) (unpublished opinion), the district court failed to find on the record that the high heel the defendant used to commit aggravated battery was a deadly weapon. In *State v. Thomas*, No. 112,282, 2015 WL 4578601 (Kan. App. 2015) (unpublished opinion), the district court failed to find on the record that the defendant actually used a crossbow when he committed the crime of conviction. None of these cases further Sotta's argument.

Therefore, we affirm the district court's order to register under KORA although it would have been better had the district court, in addition to the findings made above, specifically stated that a deadly weapon had been used.

Affirmed.