IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 109,259

STATE OF KANSAS,
*Appellee*,

v.

DONALD GILKES,
*Appellant.*

SYLLABUS BY THE COURT

1.

When the classification of a defendant as an "offender" under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq., requires district court fact-finding, that fact-finding is itself one of the statutorily defined conditions precedents. Without such fact-finding, the defendant cannot be an offender under KORA.

2.

The absence of court-made fact-findings contemplated by the Kansas Offender Registration Act, K.S.A. 22-4901 et seq., is not a sentencing error amenable to the remedy of a remand. Such an absence is not error at all.

Review of the judgment of the Court of Appeals in an unpublished opinion filed February 14, 2014. Appeal from Wyandotte District Court; MICHAEL GROSKO, judge. Opinion filed April 13, 2018. Judgment of the Court of Appeals affirming the district court is reversed as to the issue subject to our review. Judgment of the district court is reversed as to the issue subject to our review.

1

*Samuel D. Schirer*, of Kansas Appellate Defender Office, was on the briefs for appellant.

*Alan T. Fogleman*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BILES, J.: Donald Gilkes challenges his obligation to register as an offender under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq., following his jury conviction for aggravated assault. The issues are whether the district court made a finding on the record that Gilkes used a deadly weapon in the commission of the offense; and, if the court did make that finding, whether it abused its discretion because it incorrectly believed it was required to do so. See K.S.A. 2017 Supp. 22-4902(e)(2).

We hold that the record reflects the district court did not make the required deadly weapon finding. The court's order for Gilkes to register as a violent offender is vacated. See *State v. Thomas*, 307 Kan. __, __ P.3d __ (No. 109,951, this day decided).

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Gilkes with two counts of aggravated assault, alleging he knowingly placed two individuals "in reasonable apprehension of immediate bodily harm, committed with a deadly weapon, to wit: a Lock-Blade Knife." A jury convicted him of one count and acquitted him of the other. Consistent with the charging document, the instructions required the jury to find Gilkes used a deadly weapon to convict him of either count.

At the sentencing hearing, the court noted the jury found Gilkes guilty of one aggravated assault charge. It heard arguments on a motion for new trial, in which Gilkes

2

argued the evidence did not support the verdict because he was voluntarily intoxicated, preventing him from forming the requisite intent. The court denied the motion, noting it did not "find anything about that jury conclusion so out of line with the evidence that their conclusion should be set aside."

The State asked the court to impose the aggravated grid-box sentence because there were two victims and Gilkes "took no responsibility for this crime . . . and the use of a deadly weapon." Gilkes requested the middle grid-box sentence. His counsel added, "The fact that there was a weapon used is included in the fact that it was aggravated assault instead of misdemeanor assault."

Before pronouncing sentence, the court told Gilkes, "And also this offense, once you get up to the Secretary of Corrections, does require what's called registration." The court then sentenced Gilkes to the middle grid-block sentence of 29 months' imprisonment. It noted, "The jury determined that there were not two victims in this case. . . . And I'm going to go along with what the jury determined in this matter."

Notably, the record reflects a 2011 Kansas Sentencing Guidelines Journal Entry of Judgment. In its "Current Conviction Information" section, the court marked "no" next to the item reading:  "Did offender, as determined by the court, commit the current crime with a deadly weapon?" And in the "Miscellaneous Provisions" subsection of the "Recap of Sentence" section, the court did not indicate it had "informed [defendant] of duty to register as an offender pursuant to [KORA], 2011 H Sub for SB 37." It also did not attach a completed "Offender Registration Supplement" to the journal entry. That document typically identifies the reason for which registration is required and the duration of that obligation. See 2017 Kansas Sentencing Guidelines Desk Reference Manual, App. B, p. 15, Journal Entry of Judgment Instructions and Forms.

Gilkes timely appealed "all and any adverse decisions by the Court made during the proceedings conducted in the above captioned matter." His brief asserted trial errors arising from the jury instructions and two challenges to his offender registration requirement. As to registration, Gilkes first argued the requirement was an illegal sentence because the "district court did not comply with K.S.A. 22-4902" by "making a factual finding on the record that [he] used a deadly weapon in the commission of a person felony." Second, he argued the court "erred by ordering KORA registration with the misunderstanding that it was compelled to do so." Gilkes raised both KORA challenges for the first time on appeal.

A Court of Appeals panel affirmed his conviction and sentence. But it remanded the case with directions to correct the journal entry to reflect the missing registration requirement. *State v. Gilkes*, No, 109,259, 2014 WL 642091, at *5 (Kan. App. 2014); see also K.S.A. 2017 Supp. 22-3504(2) ("Clerical mistakes in judgments, orders or other parts of the record . . . may be corrected by the court at any time.").

Gilkes petitioned for review. We granted review only for the KORA claims. Jurisdiction is proper. See K.S.A. 20-3018(b) (petition for review of Court of Appeals decision); see also *State v. Marinelli*, 307 Kan. __, __ P.3d __ (No. 111,227, this day decided), slip op. at 25-26.

GILKES IS NOT A "VIOLENT OFFENDER" UNDER KORA

A preliminary matter concerns discussion by the parties and panel about whether the registration requirement is an "illegal sentence." In *Marinelli*, we held KORA is not part of a defendant's criminal sentence. 307 Kan. at __, slip op. at 24. Therefore, the question is not whether the district court imposed an illegal sentence, but whether Gilkes

4

is a "violent offender" who must register under KORA. See K.S.A. 2017 Supp. 22-4902(e)(2).

*Standard of Review*

Whether Gilkes is an "offender" within the meaning of KORA turns on the interpretation of K.S.A. 2017 Supp. 22-4902(e)(2), which is a question of law subject to de novo review. *Marinelli*, 307 Kan. at __, slip op. at 26.

*Discussion*

Individuals defined by KORA as "violent offender[s]" must register as provided in the Act. See K.S.A. 2017 Supp. 22-4902(a) (defining "offender" to include "violent offender"); K.S.A. 2017 Supp. 22-4906 (setting duration of registration requirement for "offender[s]"). "'Violent offender' includes any person who . . . on or after July 1, 2006, is convicted of any person felony *and the court makes a finding on the record that a deadly weapon was used in the commission of such person felony*." (Emphasis added.) K.S.A. 2017 Supp. 22-4902(e)(2).

By KORA's plain language, Gilkes must meet the definition to be subject to KORA's registration requirements as a violent offender. See K.S.A. 2017 Supp. 22-4902(a)(2) ("As used in [KORA] . . . '[o]ffender' means . . . a violent offender."); K.S.A. 2017 Supp. 22-4906(a)(1)(N). In Gilkes' case, the record reflects the jury made the deadly weapon finding. And even though use of a deadly weapon was an element of the offense for the crime of conviction, the district court did not make the finding on the record that Gilkes used a deadly weapon to commit the offense, as KORA plainly specifies. K.S.A. 2017 Supp. 22-4902(e)(2).

5

In *Marinelli*, we held the district court made the requisite finding to support its registration order when it was reflected in the Journal Entry of Judgment. *Marinelli*, 307 Kan. at __, slip op. at 27. Gilkes' case is different because the journal entry is silent about this and the court made no other explicit finding anywhere else in the record at any other time. In other words, there is no record the court made a finding that Gilkes used a deadly weapon in committing his crime of conviction.

We hold Gilkes is not an "offender" as defined by K.S.A. 2017 Supp. 22-4902(e)(2). See *Thomas*, 307 Kan. at __, slip op. at 20 ("[W]hen the classification of a defendant as an 'offender' requires district court fact finding . . ., that fact-finding is itself one of the statutorily defined conditions precedent. Without such a fact-finding, the defendant cannot be an offender under KORA, and the obligation to register never springs into existence.").

We further hold the Court of Appeals panel was without authority to remand the case to the district court to make the required on-the-record finding. See *Thomas*, 307 Kan. at __, slip op. at 21 ("[T]he absence of a court-made finding on the record that Thomas used a deadly weapon is not a sentencing error amenable to the remedy of a remand. Such an absence is not error at all . . . .").

This disposition renders Gilkes' additional KORA-related issue moot.

STEGALL, J., not participating.
MICHAEL J. MALONE, Senior Judge, assigned.[1]

---

[1] **REPORTER'S NOTE:** Senior Judge Malone was appointed to hear case No. 109,259 vice Justice Stegall under the authority vested in the Supreme Court by K.S.A. 20-2616.

* * *

ROSEN, J., concurring and dissenting:  I concur in the result only. I disagree with the majority's determination that registration is not a part of the criminal sentence and the resulting constitutional infirmities. Further, I agree with the reasons set forth in Justice Johnson's separate concurring opinion in *State v. Thomas* that addresses my additional concerns with the majority's rationale in this matter. See *State v. Marinelli*, 307 Kan. __, __ P.3d __ (No. 111,227, this day decided), slip op. at 30-35 (Rosen, J., concurring); *State v. Thomas*, 307 Kan. __, __ P.3d __ (No. 109,951, this day decided), slip op. at 22-24 (Rosen, J., concurring and dissenting); *Thomas*, 307 Kan. at __, slip op. at 24-33 (Johnson, J., concurring).

BEIER and JOHNSON, JJ., join in the foregoing concurrence and dissent.