NOT DESIGNATED FOR PUBLICATION

No. 119,582

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FREDERICK EUGENE BARNES,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed August 2, 2019. Reversed, sentence vacated, and case remanded with directions.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL, and STANDRIDGE, JJ.

PER CURIAM: Frederick Eugene Barnes claims that his sentence for attempted aggravated robbery is illegal. Because the district court misclassified four 2006 California robbery convictions in his criminal history, we vacate his sentence and remand for a new sentence with a properly scored criminal history. Because no judge has made a finding on the record that Barnes committed his crime with a deadly weapon as the law requires, we reverse the court's order for Barnes to register as an offender.

1

*Barnes was shot while trying to rob someone.*

In January 2018, brandishing a replica firearm, Barnes tried to rob a wig store. In a dramatic turn of events, the manager of the store pulled his own gun and shot Barnes. That ended the robbery but the State charged Barnes with attempted aggravated robbery, anyway.

Upon his recovery, Barnes pled guilty to attempted aggravated robbery. In his plea agreement with the State, Barnes acknowledged he would have to register as a violent offender under K.S.A. 22-4902(a)(7) (now K.S.A. 2018 Supp. 22-4902(e)[2]). He also agreed to surrender to the police the "replica firearm" seized in the case.

At the plea hearing, the district court recited the allegations made in the charging document to establish a factual basis for Barnes' guilty plea. The charges alleged that Barnes pointed a "handgun" at B.B. and demanded money, but before he obtained any money, Barnes was shot by J.L. Barnes agreed with the court's recitation. The court found the facts supported his plea and found him guilty. After accepting the plea, the court told Barnes that the law required him to register under the Kansas Offender Registration Act, K.S.A. 22-4901 et seq. Barnes signed a Notice of Duty to Register, which stated that he had been convicted of an offense requiring registration. But the notice did not specify which provision of the Act applied.

A different district judge handled Barnes' sentencing. That judge suggested that while a fake gun could be a "dangerous weapon" under the Kansas aggravated robbery statute, the judge questioned whether a fake gun could be a "deadly weapon" that would require registration. Defense counsel responded that the question never came up during plea negotiations. The court continued sentencing so the parties could research the matter.

At the second hearing, the parties offered conflicting opinions from this court. The panel in *State v. Franklin*, 44 Kan. App. 2d 156, 158, 234 P.3d 860 (2010), held the term "dangerous weapon" in the aggravated robbery statute was synonymous with the term "deadly weapon" in the offender registration statute. Thus, a BB pistol was considered a deadly weapon. 44 Kan. App. 2d at 159-60. In contrast, the panel in *State v. Carter*, 55 Kan. App. 2d 511, 512, 419 P.3d 55 (2018), *rev. granted* 309 Kan. ___ (January 11, 2019), distinguished the terms and ruled that a Taser was a dangerous weapon, but not a deadly weapon.

Given these two views, the sentencing court agreed with the *Carter* reasoning. The court, however, noted that the factual basis recited at the plea hearing was that Barnes possessed a handgun, rather than a fake gun. The court noted that parties can plead to a "legal fiction." The court did not wish to disturb the finding of the judge who accepted the plea that a handgun was used.

The court ruled that Barnes had a duty to register for 15 years. On the journal entry, the court marked a box stating that Barnes "committed the current crime with a deadly weapon as determined by the court," a box stating that Barnes was "informed of <u>duty to register</u> as an offender pursuant to the Kansas Offender Registration Act, K.S.A. 22-4905(b)(2)," and two more boxes stating that Barnes had to register as a violent offender because the court found on the record that his crime was committed "with a **DEADLY WEAPON**" under K.S.A. 2012 Supp. 22-4902(e)(2).

Barnes' criminal history revealed four California robbery convictions which were classified as person felonies. The court found Barnes' criminal history score was A and then sentenced him to 130 months in prison.

3

*The California convictions were improperly scored.*

Since a court may correct an illegal sentence at any time, a defendant may challenge the classification of prior convictions and the resulting criminal history score for the first time on appeal. *State v. Dickey*, 301 Kan. 1018, Syl. ¶ 3, 350 P.3d 1054 (2015). The classification of prior offenses for criminal history purposes is a question of law over which this court has unlimited review. *State v. Wetrich*, 307 Kan. 552, 555, 412 P.3d 984 (2018). Barnes was sentenced after *Wetrich* was decided.

Barnes challenges the classification of his California robbery convictions as "person" crimes. He does not challenge their designation as felonies. This means we must compare the elements of the 2006 California robbery statute that Barnes violated with the Kansas robbery statute in effect on January 22, 2018, when Barnes committed this crime. We show them side by side.

| Cal. Penal Code § 211 | K.S.A. 2017 Supp. 21-5420 |
| --- | --- |
| Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force *or fear*.<br><br>"Fear" may be either:<br>   1.  The fear of an unlawful injury to the person *or property* of the person robbed, or of any relative of his or member of his family; or<br>   2.  The fear of an immediate and unlawful injury to the person *or property* of anyone in the company of the person robbed at the time of the robbery. Cal. Penal Code § 212. | Robbery is knowingly taking property from the person or presence of another by force *or by threat of bodily harm to any person*. |

4

Barnes contends that "or fear" in the California statute is broader than "or by threat of bodily harm to any person" in the Kansas statute because California robbery can be accomplished by threat of damage to property.

Indeed, the California robbery statute is broader than the Kansas law because it specifically covers a situation in which the victim is in fear of unlawful injury to "property." The Kansas statute requires force or a threat of "bodily harm to any person." Simply put, robbery cannot be committed in Kansas by threatening to damage property. Another panel recently came to the same conclusion in *State v. Lacey*, No. 118,902, 2018 WL 6425682, at *3 (Kan. App. 2018) (unpublished opinion), *petition for rev. filed* December 17, 2018.

The State argues that Barnes cites no California caselaw supporting his assertion that an offender can be convicted of robbery in California for threatening to damage property. Likewise, the State offers no California caselaw supporting its position. Instead, the State cites several Illinois cases that do not apply to this case. The State also argues that *Wetrich* was wrongly decided, though it recognizes this court is duty bound to follow *Wetrich*.

The California robbery statute requires the taking of property of another "from his person or immediate presence" and would almost certainly be a person crime if the statute was written the same way in Kansas. But it is conceivable that a person could be convicted of robbery in California for conduct that would only be a nonperson misdemeanor theft in Kansas. Under *Wetrich,* the California robbery statute is not comparable to the Kansas robbery statute.

We are duty bound to follow Kansas Supreme Court precedent, unless there is some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). We acknowledge that recently, the

5

Supreme Court in *State v. Weber*, 309 Kan. ___, 442 P.3d 1044, 1049 (2019), ruled that *Wetrich* was a change in the law, but the court did not overrule *Wetrich*. Instead, the court held that the legality of a sentence is controlled by the law in effect at the time sentence was pronounced. Since *Wetrich* applied when Barnes' sentence was imposed, we follow its ruling today.

The State has not argued that any other offense under the Kansas Criminal Code is comparable to California robbery. Barnes' four California robbery convictions must be scored as nonperson felonies. We vacate his sentence and remand with directions to impose a new sentence with a corrected criminal history score.

*No judge found that Barnes committed this crime with a deadly weapon.*

We turn now to whether Barnes has to register as a violent offender. Because no judge found that he used a deadly weapon in the commission of this felony, we hold that Barnes does not have to register and we set aside the district court's order commanding registration. A review of the statutes dealing with offender registration and three cases interpreting those statutes is necessary to understand our reasoning.

We begin with the statute. K.S.A. 2017 Supp. 22-4902(e)(2) requires a defendant convicted of a person felony to register as a violent offender if "the court makes a finding on the record that a deadly weapon was used in the commission of such person felony."

In reviewing that requirement, our Supreme Court has held that regardless of the elements of the crime of conviction, the district court must make an explicit finding that the defendant used a deadly weapon in committing the crime or the defendant is not a "violent offender" under K.S.A. 2017 Supp. 22-4902(e)(2). *State v. Gilkes*, 307 Kan. 725, 728-29, 415 P.3d 427 (2018).

6

The facts of that case are pertinent here in two ways. First, the jury found Gilkes guilty of aggravated assault. According to the jury instructions, the jury had to find that Gilkes used a deadly weapon to find him guilty. The weapon used in that case was a knife. Second, before pronouncing sentence, the court told Gilkes that the offense required "what's called registration." But on the journal entry of judgment, the court marked "No" next to the question: "Did offender, as determined by the court, commit the current crime with a deadly weapon?" The court also did not show on the journal entry that it had informed Gilkes of the duty to register as an offender under the Act. 307 Kan. at 726. Our Supreme Court held that the court did not make the requisite finding that Gilkes used a deadly weapon; therefore, Gilkes was not a violent offender under K.S.A. 2017 Supp. 22-4902(e)(2). 307 Kan. at 728-29.

Two holdings in that opinion are important here. In *Gilkes*, the district court's comment that the crime of conviction requires "registration" was insufficient. That is not a finding by the judge that the defendant used a deadly weapon in the commission of the crime. See 307 Kan. at 726. Then, the *Gilkes* court held that a jury's finding that the defendant used a deadly weapon cannot trigger the registration requirement. 307 Kan. at 728.

In the second case, *State v. Marinelli*, 307 Kan. 768, 415 P.3d 405 (2018), Marinelli pled no contest to aggravated assault. The complaint alleged that he committed the crime with a deadly weapon—a knife. For unexplained reasons, his plea agreement stated he would not be subject to offender registration. The district court accepted Marinelli's plea and found him "'guilty of the charge in the Information.'" At sentencing, the State announced it had prepared a "'Notice of Duty to Register.'" The court ruled registration was required under K.S.A. 22-4902(e)(2). The court ruled "'that the inherent element of the offense . . . included reasonable apprehension of immediate bodily harm with a deadly weapon and not requiring a further finding. . . . The Court will direct that registration be ordered.'" On the journal entry of judgment, the court checked a box

labeled "Yes" next to the question: "'Did offender, as determined by the Court, commit the current crime with a deadly weapon?'" The court also checked a box indicating "'Defendant informed of duty to register as an offender pursuant to . . . K.S.A. 2011 Supp. 22-4905(b)(2).'" 307 Kan. at 770-72. And, on the offender registration supplement, the court checked a box reflecting Marinelli had to register as a violent offender for a conviction for a person felony committed with a deadly weapon. Our Supreme Court had "no difficulty" concluding that the district court made a deadly weapon finding, citing the journal entry. 307 Kan. at 788-89.

This brings us to the third pertinent case. In *State v. Sotta*, 56 Kan. App. 2d 406, 408, 428 P.3d 819 (2018), a panel of this court considered the district court's recitation of the factual basis for the plea as constituting a finding on the record that the defendant committed his crime with a deadly weapon. The factual basis was that the defendant placed someone in reasonable apprehension of immediate bodily harm "with a deadly weapon by firing that gun at him." But the panel did state it would have been better for the district court to make a separate finding that a deadly weapon had been used. 56 Kan. App. 2d at 409.

Upon review of these authorities, the one clear ruling that comes from the three cases is that *the court must make a finding*. The statute says what it means—to trigger the registration requirement, a judge has to make a finding. That is why we have a problem with affirming the offender registration order here because there is no such finding.

The record shows that there was no finding. It is somewhat complicated because one judge accepted the plea and a different judge passed sentence. The plea agreement sets out that Barnes was to surrender to the police the "replica firearm" he used. A review of the record confirms that Barnes is correct that the plea court did not make a deadly weapon finding. Instead, that judge first found a factual basis for Barnes' guilty plea based on the allegations in the charging document, which included an allegation that

8

Barnes pointed a handgun at a person during commission of the attempted robbery. The factual basis did not include a statement that the handgun was a deadly weapon. After accepting Barnes' guilty plea, the plea court provided Barnes with a written notice of his duty to register, had him sign the notice, and then informed him he had been convicted of a crime requiring registration as provided in the Act. This implicit finding was insufficient, under *Gilkes*, to designate Barnes as a violent offender under K.S.A. 2017 Supp. 22-4902(e)(2). The plea court did not state that Barnes committed his crime with a deadly weapon. In contrast, in *Marinelli*, the sentencing court did make a deadly weapon finding on the record.

When confronted with this registration issue, the sentencing court continued sentencing so the parties could research whether possession of a replica gun supported the finding of a deadly weapon. The sentencing court believed the plea court had made a deadly weapon finding—presumably because the plea court gave Barnes notice of his duty to register. But the sentencing court tended to believe that the plea court erred because Barnes had used a "replica gun," rather than a real gun, and a replica gun was not a deadly weapon.

When the court brought up whether a fake gun could support the registration requirement, the judge said, "in reviewing the affidavit of probable cause, it indicated that Mr. Barnes was in possession of a BB gun at the time the offense was committed. And I don't think that's really subject to a dispute." Neither party disputed the court's assumption that Barnes had used a fake gun in the attempted robbery. But the affidavit of probable cause did not say Barnes had a "BB gun"; rather, B.B. are the initials of the person that Barnes tried to rob.

In the affidavit, a detective stated that witnesses saw Barnes pointing a "black handgun" or a "gun" at B.B., who was working the register. One witness, J.L., fearing Barnes would shoot someone, pulled out his own handgun and fired at Barnes. The

9

detective stated that a video of the incident showed Barnes pointing a "gun" at people. The detective stated that Barnes later said it was a "toy handgun" and denied pointing it at anyone. The detective did not state in the affidavit whether the weapon was a toy.

At the later sentencing hearing, the sentencing court held that a replica gun could be a dangerous weapon, but not a deadly weapon. But the sentencing court recognized that "the factfinder was told at the time of [the] plea that Mr. Barnes was in possession of a handgun. And that is—consistent with how it is charged. It's charged as a handgun." The sentencing court did not then explicitly state that a handgun was a deadly weapon.

But that is what the hearing was about. The sentencing court viewed a handgun as a deadly weapon, but did not think a replica gun was a deadly weapon. The court did go on to rule that Barnes had a duty to register based on the prior judge's finding that he had used a handgun in committing this crime. In other words, the first judge's finding at the plea hearing appeared to be binding to the second judge.

Context is important. There was an indication in the plea agreement that the term "handgun" referred to a "replica firearm" because the replica firearm is what Barnes agreed to surrender in connection with the crime. There was no disagreement among the parties at sentencing that Barnes used a fake gun. In context, the handgun here was not a real firearm. Neither judge made a finding that Barnes' replica firearm was a deadly weapon. With no such finding, there is no valid reason to order registration. We therefore reverse the district court's order requiring offender registration.

*There is no Apprendi violation here.*

Barnes argues the Act's requirements violate *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), because the fact that he used a deadly weapon should have been found by a jury, not by a judge. He acknowledges that our Supreme

Court in *State v. Huey*, 306 Kan. 1005, 399 P.3d 211 (2017), *cert. denied* 138 S. Ct. 2673 (2018), held that the Act is not punishment and admits that he is raising this issue to preserve it for Supreme Court review.

Since we are reversing the district court's order that Barnes register under the Act, we will not review his argument on this issue.

We vacate Barnes' sentence and reverse the order that he register under the Act. We remand the case to the district court with directions to impose a new sentence with a corrected criminal history score.

Reversed, sentence vacated, and case remanded with directions.