(76 P.3d 1057)
No. 89,863

A & S RENTAL SOLUTIONS, INC., *Appellant*, v. TERANCE KOPET, JODIE KOPET, GEORGE LIEN, and JULIE MCENANEY, *Appellees*.

Opinion filed September 19, 2003.

*Timothy D. Hamilton*, of Timothy D. Hamilton, P.A., of Kansas City, for appellant.

No appearance by appellees.

Before MALONE, P.J., PIERRON and GREEN, JJ.

MALONE, J.: A & S Rental Solutions, Inc. (A & S) appeals the district court's imposition of a civil penalty under K.S.A. 2002 Supp. 58-2550(c) for wrongfully withholding a security deposit. We find the court erred by imposing the penalty and reverse.

George Lien and Julie McEnaney entered into a lease agreement with A & S to rent property located at 2409 Brushcreek in Lawrence, Kansas, from September 27, 2001, to May 31, 2002. Lien and McEnaney provided a $900 security deposit in addition to paying $900 per month for rent. On February 12, 2002, Lien and McEnaney subleased the premises to Terance and Jodie Kopet

after obtaining permission from A & S. With the agreement of Lien and McEnaney, A & S retained their security deposit in order to ensure the Kopets' performance until the end of the term of the sublease.

Upon expiration of the sublease on May 31, 2002, the Kopets remained as holdover tenants. Also, a dispute arose as to who was entitled to the security deposit. Lien and McEnaney claimed ownership, while the Kopets claimed it had been transferred to them from Lien and McEnaney as incentive to take over the lease. On June 5, 2002, A & S sent letters and security deposit statements to Lien and McEnaney and the Kopets, indicating that the parties should determine who was due the balance.

On June 20, 2002, A & S filed a petition for declaratory judgment, requesting the district court determine ownership of the security deposit. The petition also sought rent, possession, and damages from the Kopets. Paragraph 15 of the petition stated: "Plaintiffs seek to comply with K.S.A. 58-2550, and return the lawful balance of the security deposit to the lawful owner, but cannot do so until a legal determination is made as to the lawful owner of the security deposit."

A hearing was originally scheduled for July 17, 2002, but was continued by the district court and conducted on August 22 and September 10, 2002. By the time of the hearing, more than 30 days had passed since the property was vacated.

On September 17, 2002, the district court issued an order finding the Kopets liable for rent through June 12, 2002, and that Lien and McEnaney were entitled to $215, the balance of the security deposit. The court further found that A & S wrongfully withheld the security deposit and was, therefore, liable to Lien and McEnaney for a civil penalty of one and a half times the amount due, totalling $322.50.

A & S filed a motion for reconsideration, contending that it filed the declaratory judgment action in order to determine ownership of the security deposit and to avoid violating K.S.A. 2002 Supp. 58-2550(c). In denying the motion, the court stated that filing the declaratory judgment action did not absolve A & S from respon-

sibility under the statute and that the civil penalty was mandatory. A & S timely appeals.

The sole issue on appeal is whether the court erred in assessing a civil penalty under K.S.A. 2002 Supp. 58-2550(c). A & S argues that the district court erred in assessing the penalty because it complied with K.S.A. 2002 Supp. 58-2550(b) and did not wrongfully withhold the deposit.

Resolution of this issue will necessarily involve statutory interpretation, which is a question of law subject to unlimited review. *Williamson v. City of Hays*, 275 Kan. 300, 305, 64 P.3d 364 (2003).

K.S.A. 2002 Supp. 58-2550(b) governs the procedure to be followed by a landlord in returning the security deposit to a tenant upon termination of the lease agreement. It provides in relevant part:

"If the landlord proposes to retain any portion of the security deposit for expenses, damages or other legally allowable charges under the provisions of the rental agreement, other than rent, the landlord shall return the balance of the security deposit to the tenant within 14 days after the determination of the amount of such expenses, damages or other charges, but in no event to exceed 30 days after termination of the tenancy, delivery of possession and demand by the tenant."

Subsection (c) additionally provides: "If the landlord fails to comply with subsection (b) of this section, the tenant may recover that portion of the security deposit due together with damages in an amount equal to 1½ the amount wrongfully withheld." K.S.A. 2002 Supp. 58-2550(c).

The district court relied on *Love v. Monarch Apartments*, 13 Kan. App. 2d 341, 771 P.2d 79 (1989), in assessing the civil penalty. In *Love*, the tenant paid a $150 security deposit. Upon termination of the tenancy, the landlord provided notice that it was returning only $97 of the deposit. Of the remaining $53, $40 would be retained for the cost of shampooing the carpet and $13 for general cleanup. The tenant sued to recover the full security deposit and also to recover other damages. The landlord withheld the entire security deposit, pending the outcome of the lawsuit. The district court ruled that the landlord was only entitled to withhold $40 of the deposit and ordered that the $110 balance be returned. The district court refused to assess a civil penalty, determining that such

a penalty was discretionary with the court. *Love*, 13 Kan. App. 2d at 342-44.

On appeal, the court held that a trial court has no discretion over the damages to be awarded under 58-2550(c). If the tenant is successful in recovering a part or all of the security deposit from the landlord, the trial court must award damages in an amount equal to 1½ times the amount of the security deposit returned to the tenant. The court held the award does not depend upon the landlord's good or bad faith, nor does it depend upon the tenant's damages or lack of damages. *Love*, 13 Kan. App. 2d at 344.

The facts of the present case are clearly distinguishable from the facts of *Love*. *Love* did not involve a situation where two different parties claimed ownership of the security deposit. More importantly, *Love* did not involve a landlord filing a declaratory judgment action to determine ownership of the security deposit and expressly seeking to comply with K.S.A. 58-2550(b).

Here, A & S substantially complied with the requirements of K.S.A. 2002 Supp. 58-2550(b). Substantial compliance requires " 'compliance in respect to the essential matters necessary to assure every reasonable objective of the statute.' [Citations omitted.]" *Mendenhall v. Roberts*, 17 Kan. App. 2d 34, 43, 831 P.2d 568, *rev. denied* 251 Kan. 939 (1992). Stated another way, substantial compliance may be found where one " 'complies with the spirit and intent of the law but not with its absolute letter.' [Citation omitted.]" *Geiger-Schorr v. Todd*, 21 Kan. App. 2d 1, 6, 901 P.2d 515 (1995).

Under K.S.A. 2002 Supp. 58-2550(b), A & S was required to return the security deposit to the tenants within 30 days. Due to the dispute between Lien and McEnaney and the Kopets, A & S was unsure of who was entitled to the balance of the deposit and sent out statements to both parties explaining the situation. A & S then filed the petition for declaratory judgment within the 30-day time limit, asking the court to determine which party should receive the deposit. A & S was clearly aware of the 30-day requirement, as noted in its petition for declaratory judgment.

The situation here is different from one in which the landlord simply refuses or fails to return the security deposit within the 30-

day time period. Although the more proper course of action for A & S would have been to file an interpleader action, A & S did wish to return the deposit and filed the declaratory judgment as a means of determining to whom it should be returned.

Additionally, the purpose of the civil penalty statute does not appear to be served by its imposition in the present case. It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. *Williamson*, 275 Kan. at 305.

Under the facts of this case, we hold that by filing a petition for declaratory judgment, A & S substantially complied with K.S.A. 2002 Supp. 58-2550(b). As such, we find the district court erred by imposing a civil penalty under K.S.A. 2002 Supp. 58-2550(c).

Reversed and remanded with directions to set aside the statutory penalty.