IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 117,081

STATE OF KANSAS,
*Appellee*,

v.

AMY STOLL,
*Appellant*.

SYLLABUS BY THE COURT

1.

Substantial compliance with a statute requires compliance in respect to the essential matters necessary to assure every reasonable objective of the statute. Put another way, substantial compliance with a statute may be found where one complies with the spirit and intent of the law but not with the absolute letter.

2.

Substantial compliance is not a defense to a charge for failure to register under the Kansas Offender Registration Act because relaxing the registration requirements would not accomplish the purpose of the law.

3.

A party cannot concede or stipulate to an erroneous conclusion of law.

Review of the judgment of the Court of Appeals in an unpublished opinion filed September 7, 2018. Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed February 5, 2021. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, was on the briefs for appellant.

*Thomas R. Stanton*, deputy district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

PER CURIAM: In 2015, Amy Stoll was charged with failure to register under the Kansas Offender Registration Act (KORA). Before the district court, she argued K.S.A. 2015 Supp. 21-5203(f), which makes failure to register a strict liability crime, violated her due process rights. She also argued she should be found not guilty because she substantially complied with her registration requirements. The district court rejected Stoll's arguments and found her guilty. Stoll appealed, and the Court of Appeals affirmed the district court's judgment. Stoll petitioned for review, arguing the Court of Appeals made several errors in its decision.

FACTS AND PROCEDURAL BACKGROUND

In 2008, Stoll was convicted of conspiracy to unlawfully manufacture a controlled substance. At sentencing, the district court erroneously ordered her to register under KORA. Stoll's crime of conviction was not added to the statutory list of drug offenses requiring registration until 2011. Nonetheless, Stoll complied with the registration requirements for about seven years. In complying with these requirements, she registered with her local sheriff four times a year in March, June, September, and December. She was also required to register within three business days of moving or changing jobs.

In June and September 2015, Stoll reported that she lived at 705 West Fifth Avenue in Hutchinson, Kansas. In early October, a deputy with the Reno County Sheriff's Office received a tip that the house at 705 West Fifth Avenue had a "For Rent" sign posted in front of it. The deputy contacted the property manager, who said no one

2

had lived in the residence since September 30, 2015. The manager also had no record of Stoll ever living there.

On November 3, 2015, Stoll registered a new address in Nickerson, Kansas. Later that month, the State charged Stoll with failure to register as a drug offender under K.S.A. 2015 Supp. 22-4903(a).

Before trial, Stoll filed a motion arguing that the State would need to prove she had a culpable mental state, or mens rea, when she failed to register. She maintained that finding her guilty without a culpable mental state would violate her due process rights. The district court denied her motion after concluding failure to register was a strict liability crime and the strict liability nature of the crime was constitutional.

Stoll waived her right to a jury trial, and the case proceeded to a bench trial. At trial, Stoll stipulated that (1) she had been convicted of a crime that required her to register between October 1 and 6, 2015; (2) she knew she had to register; and (3) she had reported in June 2015 and September 2015 that she lived at 705 West Fifth Avenue.

After the State presented several witnesses, Stoll testified in her own defense. According to Stoll, the tenant at 705 West Fifth Avenue had allowed her to live with him because she was having financial difficulties. He moved at the end of September 2015, but he allowed Stoll to continue living with him at his new home in Nickerson.

Stoll admitted she did not register her new address in Nickerson within three days after she moved. She explained she had a lot going on at the time. But on October 31, 2015, she realized she had not reported her new address. Because it was a Saturday, she had to wait until Monday to go to the sheriff's office to register. When she went on Monday, she was told the sheriff's office did not do registrations on that day, so she had to go back the next day to register. Stoll testified her home phone number had not

3

changed. Also, her work address and phone number had not changed during October 2015.

In closing, defense counsel argued Stoll should be found not guilty because she had substantially complied with her registration requirements. The district court found Stoll guilty of failing to register. The court acknowledged Stoll did not appear to have intentionally done anything improper. But the court found the offense did not require a culpable mental state, and Stoll had admitted she had failed to register her new address within three days. At sentencing, the court granted a departure sentence, giving Stoll 24 months' probation instead of the presumptive prison sentence.

Stoll appealed, and the Court of Appeals affirmed her conviction. *State v. Stoll*, No. 117,081, 2018 WL 4264867 (Kan. App. 2018) (unpublished opinion). We granted her petition for review.

ANALYSIS

*Is substantial compliance an available defense to a charge of failure to register under KORA?*

Before the Court of Appeals, Stoll argued the district court erred when it found her guilty because she had substantially complied with the registration statute. The panel rejected her argument, holding substantial compliance was not an available defense to her charge for failing to register. Stoll now challenges that conclusion. She argues KORA is a remedial statute, and "[s]ubstantial compliance—rather than strict compliance—is the rule for remedial statutes." *High v. Kansas Dept. of Revenue*, No. 103,260, 2010 WL 5490738, at *1 (Kan. App. 2010) (unpublished opinion).

4

Whether a statute should be liberally construed, thus allowing for substantial compliance, is a question of law subject to de novo review. See *Kite's Bar and Grill, Inc., v. Kansas Dept. of Revenue, Alcoholic Beverage Control Div.*, 50 Kan. App. 2d 493, 497, 329 P.3d 536 (2014).

Some statutory requirements may be satisfied if an individual or entity substantially complies with those requirements. "Substantial compliance is compliance in respect to the essential matters necessary to assure every reasonable objective of the statute." *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 661-62, 367 P.3d 282 (2016). Put another way, "substantial compliance may be found where one 'complies with the spirit and intent of the law but not with its absolute letter.'" *A & S Rental Solutions, Inc. v. Kopet*, 31 Kan. App. 2d 979, 982, 76 P.3d 1057 (2003).

Generally, requirements of remedial statues can be satisfied by substantial compliance. This is because we liberally construe a remedial statute to accomplish the statute's intended purpose. *Smith v. Marshall*, 225 Kan. 70, Syl. ¶ 1, 587 P.2d 320 (1978). "Remedial statutes are those which are enacted to protect life, property, and the welfare of the public and are designed to correct an existing law, redress an existing grievance, or introduce regulations conducive to the public good." 82 C.J.S. Statutes § 523. We have held the Kansas Legislature intended KORA to be a remedial statute. *State v. Meredith*, 306 Kan. 906, 906, 399 P.3d 859 (2017).

In its decision, the Court of Appeals acknowledged that substantial compliance is the general rule for remedial statutes and that we have described KORA as remedial legislation. However, it concluded substantial compliance would not suffice to meet offender registration requirements because this would not "better meet[] the statute's purpose." *Stoll,* 2018 WL 4264867, at *6. The panel noted that KORA's purpose is to protect the public from certain offenders the Legislature has concluded are likely to reoffend, citing *State v. Fredrick*, 292 Kan. 169, 173, 251 P.3d 48 (2011). The panel held

5

relaxing the registration requirements would not better serve that purpose. Furthermore, there was no indication the Legislature intended the requirements to be relaxed. For these reasons, the panel rejected Stoll's argument. 2018 WL 4264867, at *6.

Stoll challenges the Court of Appeals' holding that KORA's purpose is to protect the public from certain offenders. She notes the panel relied on *Fredrick*, which held the legislative purpose of KORA was "'to protect the public from sex offenders as a class of criminals who are likely to reoffend.'" 292 Kan. at 173. Because *Fredrick* only addressed the purpose for having sex offenders register, she claims it does not support a finding that the purpose for having drug offenders register is also to protect the public.

We see no reason to doubt the Court of Appeals' conclusion that the purpose for having drug offenders register is the same as having sex offenders register—that is, to protect the public. KORA's legislative history supports this conclusion. Testimony before the Senate and House Judiciary Committees suggests the 2007 KORA amendment requiring offenders convicted of certain drug offenses to register was enacted to protect public safety. See, e.g., Testimony of Detective Howard Shipley, Reno County Sheriff's Office, to Senate Judiciary Committee on January 16, 2007, on SB 14 ("The illegal manufacturing of methamphetamine is inherently dangerous. The components used and processes that occur during the manufacturing create a volatile situation with potentially disastrous consequences."); Testimony of Kyle G. Smith, Deputy Director of the Kansas Bureau of Investigation, to House Judiciary Committee on March 14, 2007, on SB 14 ("The idea of the registry works best with crimes that show a high risk of recidivism and pose a substantial risk to the public. Certainly the manufacture of methamphetamine fits both categories and such information would be helpful to both the public and law enforcement.").

Stoll also points out that neither the State nor the Court of Appeals provided evidence that KORA, as written, effectively protects the public. But whether KORA

effectively achieves its purpose does not determine what its purpose is. And to the extent Stoll is suggesting KORA punishes offenders, rather than protecting the public from them, this does not help her cause. We have repeatedly held KORA is not punitive. See, e.g., *Meredith*, 306 Kan. at 913-14 (holding defendant had failed to show by clearest proof that KORA was punitive in effect as to drug offenders); *State v. Petersen-Beard*, 304 Kan. 192, 209, 377 P.3d 1127 (2016).

We agree with the panel's conclusion that substantial compliance would not facilitate the protection of the public. In fact, just the opposite is true—allowing offenders to fail to complete some registration requirements if they complete others would be detrimental to KORA's purpose overall. A literal construction of KORA would achieve, not defeat, its legislative purpose, and thus there is no need to liberally construe it.

Stoll relies on *High v. Kansas Dept. of Revenue*, No. 103,260, 2010 WL 5490738, at *4 (Kan. App. 2010) (unpublished opinion), to support her argument that we should liberally construe KORA's registration requirements, but this case is distinguishable for several reasons. In *High*, an officer had an administrative assistant mail a notice form to a driver informing him of a proposed license suspension and of his appeal rights. But Kansas statute requires the *officer* to mail or hand the form to the driver. Nonetheless, a panel of the Court of Appeals held the officer substantially complied with the notice provision. The panel concluded liberally construing the relevant statute would be appropriate because it was part of an act that specifically allowed for liberal construction. 2010 WL 5490738, at *3. The panel also held the purpose of the statute was to guarantee that an individual knows of the right to appeal in a timely manner. 2010 WL 5490738, at *5. In that case, the purpose of the statute was achieved, even if the officer did not strictly comply with the statute. 2010 WL 5490738, at *5. See also *Pappan v. Kansas Dept. of Revenue*, No. 112,677, 2016 WL 1545650, at *7 (Kan. App. 2016) (unpublished opinion) (holding officer substantially complied with notice provision).

7

As the State points out, *High* involved a statute that explicitly allowed for liberal construction. See K.S.A. 2007 Supp. 8-1001(q). Notably, several other Kansas statutes also explicitly allow for liberal construction. See, e.g., K.S.A. 21-2506 (stating statutes relating to identification and detection of crimes and criminals are remedial and should be liberally construed); K.S.A. 60-1713 (stating statute relating to declaratory judgments are remedial and should be liberally construed). In contrast, there is no indication the Kansas Legislature intended KORA to be liberally construed.

Moreover, in *High*, the purpose of the statute was achieved even though the officer did not strictly comply with the notice provision. The driver received the notice form, even if the officer's administrative assistant was the one who mailed it. In contrast, KORA's purpose was not achieved when Stoll failed to register a change of address within three days of moving.

Stoll also compares her case to *Hoeffner v. Kansas Dept. of Revenue*, 50 Kan. App. 2d 878, 335 P.3d 684 (2014), *disagreed with on other grounds by City of Dodge City v. Webb*, 305 Kan. 351, 381 P.3d 464 (2016). There, a driver was stopped and, before taking a breath test, given the implied consent warning in effect at the time. Later, the driver was given a hearing order form that contained changes in the implied consent law effective after his breath test. On appeal, the driver argued "the KDOR is required to strictly comply with the law such that any irregularity in its own internal processes, such as using the wrong form, irreparably taints the proceedings." 50 Kan. App. 2d at 883. A panel of the Court of Appeals disagreed, holding the KDOR had substantially complied with the statutory notice provisions because the driver had received the correct implied consent warning at the time of his breath test. Additionally, the panel held the driver suffered no prejudice because of this "technical irregularity." 50 Kan. App. 2d at 882-83.

As with *High*, the court in *Hoeffner* was interpreting a statue which explicitly allowed for liberal construction. See K.S.A. 2010 Supp. 8-1001(v). And Stoll's failure to register cannot be considered a "technical irregularity" of the kind seen in *Hoeffner*.

While KORA may be a remedial statute, substantial compliance is not an available defense for offenders who fail to register. KORA's purpose is to protect the public from certain offenders by requiring those offenders to register. Relaxing the registration requirements would not serve this purpose.

*Does the unavailability of a substantial compliance defense violate Stoll's due process rights?*

Stoll also argues denying her the opportunity to raise a substantial compliance defense would violate her due process rights. She notes KORA requires several entities, including courts and law enforcement, to notify an offender of his or her duties to register, but KORA does not impose any penalties on an entity that fails to do so. See K.S.A. 2019 Supp. 22-4904. She claims requiring her to strictly comply with the statute while not imposing the same requirements on these entities represents an imbalance of power that violates due process.

Stoll acknowledges she did not raise this issue before the district court, but she argues the issue can be addressed for the first time on appeal because it involves a question of law and addressing the issue is necessary to prevent the denial of fundamental rights. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). The Court of Appeals, however, declined to reach the issue because "Stoll has not alleged or pointed to evidence that law enforcement officials failed in any way to comply with their duties to inform her of the Registration Act's requirements." *Stoll*, 2018 WL 4264867, at *6.

9

Stoll contends the panel misinterpreted her argument because her "point was not just about her, but about KORA in general." She insists that "KORA is liberally construed with regard to every other participant but the registrant" and that this "imbalance of power" is "fundamentally unfair."

Stoll fails to convince us the panel erred. She has not shown how any power imbalance directly affected her or denied her any fundamental rights. Thus, we affirm the panel's decision declining to reach this issue for the first time on appeal.

*Does Stoll have standing to challenge KORA on its face as unconstitutional?*

Next, Stoll argues K.S.A. 2015 Supp. 21-5203(f), which makes failure to register a strict liability crime, violates her substantive due process rights.

The Court of Appeals concluded Stoll lacked standing to bring her constitutional challenge because the strict liability nature of K.S.A. 2015 Supp. 21-5203(f) had no effect on her. The panel observed that Stoll stipulated she knew about the duty to register. It held that this made her mentally culpable when she failed to register and, consequently, "there's no possibility that [the] constitutional issue had any impact on her own case." *Stoll*, 2018 WL 4264867, at *5.

Standing, like other jurisdictional issues, is a question of law subject to unlimited review. *Sierra Club v. Moser*, 298 Kan. 22, 29, 310 P.3d 360 (2013).

To demonstrate standing, a litigant "must show a cognizable injury and establish a causal connection between the injury and the challenged conduct." *Sierra Club*, 298 Kan. at 33. The litigant establishes a cognizable injury when the litigant establishes "a personal

10

interest in a court's decision and that he or she personally suffers some actual or threatened injury as a result of the challenged conduct." *Sierra Club*, 298 Kan. at 33.

Stoll argues that knowing she had a duty to register does not equate to mental culpability. She argues she was only mentally culpable if she "intentionally, knowingly, or recklessly violated KORA" and that she did not harbor any of these mental states when she merely forgot to update her address. Consequently, she takes the position that whether a strict liability standard is unconstitutional does affect her.

Stoll has failed to convince us that forgetting to register because she "had a lot going on" would absolve her of all mental culpability. She advances a brief and conclusory statement to support her position and offers no supporting authority. Because she has not successfully argued that she lacked a culpable mental state, she fails to show that the strict liability nature of her offense had any effect on her. Consequently, we affirm the panel's conclusion that Stoll lacked standing to bring this challenge.

*Did the Court of Appeals err in applying the invited error doctrine?*

Finally, Stoll argues the Court of Appeals erred when it held she could not challenge the sufficiency of the State's evidence because she invited any error. Stoll had argued to the panel that the evidence was insufficient to support her conviction for failure to register because when she was sentenced her crime did not trigger a registration requirement.

The Court of Appeals concluded the invited error rule barred Stoll from challenging her duty to register because "she stipulated at trial that she had been convicted of a crime that required her to register. If it was an error to say she was required to register, it was one she invited the district court to make." *Stoll*, 2018 WL

11

4264867, at *5. In her petition for review, Stoll argues "'the invited error rule simply cannot trump a defendant's right to have every element of the crime proved,'" quoting *State v. Folley*, No. 89,368, 2004 WL 1714918, at *1 (Kan. App. 2004) (unpublished opinion).

Whether the doctrine of invited error applies is a question of law subject to unlimited review. *State v. Parks*, 308 Kan. 39, 42, 417 P.3d 1070 (2018).

Generally, a litigant may not invite an error and then complain of the error on appeal. *State v. Stewart*, 306 Kan. 237, 248, 393 P.3d 1031 (2017).

The Court of Appeals' observation that Stoll stipulated in the district court she had been convicted of a crime requiring registration is accurate. However, the panel's conclusion that this precluded review of her claims under the invited error doctrine was incorrect.

We have explained that a party cannot concede or stipulate to an erroneous conclusion of law. *State v. Toothman*, 310 Kan. 542, 552, 448 P.3d 1039 (2019); see also *State ex rel. Grassie v. Masterson,* 221 Kan. 540, Syl. ¶ 1, 561 P.2d 796 (1977) (stipulations on questions of law are not binding on appellate courts). And while a defendant may stipulate to the existence of a conviction, he or she cannot stipulate to the legal effect of that conviction. See *State v. Weber,* 297 Kan. 805, 814, 304 P.3d 1262 (2013) (distinguishing between stipulation of fact, which bars later challenge to existence of that fact, and stipulation to legal effect of fact).

Whether Stoll was required to register was a question of law. See *State v. Gilkes*, 307 Kan. 725, 728, 415 P.3d 427 (2018) (whether defendant meets KORA's definition of offender, and thus must register, is question of law). As just explained above, she could not stipulate to a conclusion of law, and the invited error rule does not bar her challenge.

12

Although we conclude the panel erred when it declined to review Stoll's claim, we affirm the result because Stoll's argument fails on the merits.

Stoll frames this issue as a challenge to the sufficiency of the evidence, but she is ultimately arguing she did not meet the definition of a drug offender under K.S.A. 2015 Supp. 22-4902. Resolution of this issue requires interpretation of K.S.A. 2015 Supp. 22-4902. Statutory interpretation is a question of law over which this court has unlimited review. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019). See also *State v. LeClair*, 295 Kan. 909, 911-15, 287 P.3d 875 (2012) (conducting statutory interpretation as part of analysis to determine if State provided sufficient evidence that defendant failed to register under KORA).

The State charged Stoll with failing to register on or about October 6, 2015. To secure a conviction for this charge, the State had to prove "both that the defendant fits within the definition of an 'offender' under K.S.A. 22-4902, and that the failure to register occurred within the time period in which the defendant was required to register." *Fredrick*, 292 Kan. at 172-73.

Stoll argues she did not meet the definition of a drug offender because she did not meet the definition of a drug offender at her sentencing in 2008.

Stoll is correct that she did not meet the definition of a drug offender when she was originally ordered to register. Conspiracy to manufacture a controlled substance was not added to the list of offenses requiring registration until 2011. L. 2011, ch. 95, § 2. But the State charged Stoll with failure to register on or about October 6, 2015. To secure a conviction, the State needed to prove she met the definition of a drug offender at that time she was charged.

13

K.S.A. 2015 Supp. 22-4902(f) defines a drug offender as:

"[A]ny person who, on or after July 1, 2007:

"(1) Is convicted of any of the following crimes:

(A) Unlawful manufacture or attempting such of any controlled substance or controlled substance analog, as defined in K.S.A. 65-4159, prior to its repeal, K.S.A. 21-36a03, prior to its transfer, or K.S.A. 21-5703, and amendments thereto;

. . . .

"(2) has been convicted of an offense that is comparable to any crime defined in this subsection, any out of state conviction for an offense that under the laws of this state would be an offense defined in this subsection; or

"(3) is or has been convicted of an attempt, *conspiracy* or criminal solicitation, as defined in K.S.A. 21-3301, 21-3302 or 21-3303, prior to their repeal, or K.S.A. 21-5301, 21-5302 and 21-5303, and amendments thereto, of an offense defined in this subsection." (Emphasis added.)

The State had to prove Stoll "on or after July 1, 2007 . . . is or has been convicted of . . . conspiracy . . . of an offense defined in this subsection," including manufacture of a controlled substance. Stoll's date of sentencing, or whether she met the definition of an offender at that time, are not relevant. The State only had to prove she was convicted of an offense defined in subsection (f). This was proven by Stoll's stipulation that she was convicted of conspiracy to manufacture methamphetamine.

While Stoll's brief does not explicitly raise an Ex Post Facto claim, to the extent she is arguing that retroactively imposing the registration requirement violates the Ex Post Facto Clause, her claim fails. This issue has already been decided against her. See *State v. Shaylor*, 306 Kan. 1049, 1052, 400 P.3d 177 (2017) (it is not an ex post facto violation to require a drug offender convicted before 2007 to register under KORA).

14

In conclusion, while the Court of Appeals appears to have erred in applying the invited error rule, Stoll's argument still fails on its merits. As a result, we affirm the Court of Appeals as right for the wrong reason. *State v. Smith*, 309 Kan. 977, 986, 441 P.3d 1041 (2019).

Affirmed.

BEIER, J., not participating.
MICHAEL E. WARD, Senior Judge, assigned.[1]

\* \* \*

ROSEN, J., dissenting: Consistent with my longstanding opinion that the Kansas offender registration requirements are punitive, I dissent from today's decision.

In *State v. Redmond*, 304 Kan. 283, 371 P.3d 900 (2016), *State v. Buser*, 304 Kan. 181, 371 P.3d 886 (2016), *Doe v. Thompson*, 304 Kan. 291, 373 P.3d 750 (2016), and *State v. Charles*, 304 Kan. 158, 372 P.3d 1109 (2016), I stood with the majority of this court and its position that the registration requirements constitute punishment. When the composition of the court changed, the new majority overruled this holding. Then part of the minority, I joined two of my colleagues in dissent in *State v. Petersen-Beard*, 304 Kan. 192, 377 P.3d 1127 (2016). In *State v. Shaylor*, 306 Kan. 1049, 400 P.3d 177

---

[1]**REPORTER'S NOTE:** Senior Judge Ward was appointed to hear case No. 117,081 vice Justice Carol A. Beier under the authority vested in the Supreme Court by K.S.A. 20-2616.

15

(2017), *State v. Meredith*, 306 Kan. 906, 399 P.3d 859 (2017), and *State v. Huey*, 306 Kan. 1005, 399 P.3d 211 (2017), my colleagues and I reiterated our fervent opinion that these requirements are punitive, and we have held strong. See, e.g., *State v. Perez-Medina*, 310 Kan. 525, 541, 448 P.3d 446 (2019) (Johnson, J., concurring and dissenting); *State v. Marinelli*, 307 Kan. 768, 796, 415 P.3d 405 (2018) (Rosen, J., dissenting); *State v. Rocheleau*, 307 Kan. 761, 767, 415 P.3d 422 (2018) (Beier, J., dissenting).

With the retirement of my colleagues, I dissent alone. But I stand firm in my belief that the oppressive and onerous requirements of offender registration are punitive. This case presents a prime example. Essentially, the underlying purpose of KORA was satisfied by Stoll's conduct. She was sentenced in 2008. For seven years, she dutifully registered as a drug offender even though her crime was not listed as an offense requiring registration until 2011. After seven years, she moved and was late to register her new address by a few weeks. As a consequence, 8 years after her original crime, Stoll was arrested at work, sentenced to 28 months in prison, and placed on 2 years of probation. I cannot in good conscience agree with my colleagues that this was not punitive. Consequently, I believe the retroactive application of the registration requirements to Stoll violated the Ex Post Facto Clause. See *Shaylor*, 306 Kan. at 1053 (Beier, J., dissenting). I would hold that Stoll was under no obligation to register and, as a result, there was not sufficient evidence to support her guilt.