NOT DESIGNATED FOR PUBLICATION

No. 123,459

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PAUL LEE STOTTS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed February 25, 2022. Affirmed.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Alexander C. Driskell*, assistant county attorney, *Jeffery Ebel*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., SCHROEDER, J., and JAMES L. BURGESS, S.J.

POWELL, J.: After finding Paul Lee Stotts violated the terms and conditions of his probation, the district court imposed a 180-day intermediate prison sanction. Stotts now appeals, claiming the district court abused its discretion by imposing the sanction. We affirm.

1

For crimes he committed on May 7, 2015, and as part of a plea agreement with the State, Stotts pled no contest to attempted robbery and battery. At the sentencing hearing conducted on September 10, 2019, the district court imposed a 29-month prison sentence but granted Stotts a dispositional departure to probation for a period of 24 months.

On June 10, 2020, the State moved to revoke Stotts' probation, alleging he violated his probation conditions by failing to refrain from violating the law; for testing positive for marijuana, methamphetamine, cocaine, and alcohol; and for failing to obtain a substance abuse evaluation. Stotts stipulated to the violations, and the district court imposed a 30-day jail sanction, ordered a mental health evaluation, and extended his probation 24 months. The district court also warned Stotts this was his last chance.

On August 27, 2020, the State again sought to revoke Stotts' probation, this time alleging he had violated the sanctions imposed and tested positive for illegal drugs. At the November 3, 2020 evidentiary hearing, Stotts' probation officer testified Stotts was unsuccessfully discharged from Serenity House and had submitted a positive urine analysis (UA) test for marijuana, amphetamine, methamphetamine, and MDMA. Stotts testified he left Serenity House because he was having an issue with bed bugs. Stotts admitted to using the drugs but claimed he got them from another person when they were both quarantined in a hotel after his roommate from the Oxford House—another clean-living environment Stotts entered after Serenity House—contracted Covid-19.

The district court found Stotts in violation of the terms and conditions of his probation. The State recommended the district court impose a 180-day intermediate prison sanction, while Stotts requested a 120-day sanction. When the district court was making its decision, Stotts' probation officer confirmed Stotts had already served a three-day intermediate jail sanction. The district court ordered a 180-day sanction because it

had originally granted Stotts probation after a dispositional departure and the district court had told Stotts this was his last chance at the last probation violation hearing. The district court again extended Stotts' probation by 24 months.

Stotts timely appeals.

ANALYSIS

Stotts argues the district court erred in imposing a 180-day intermediate prison sanction for his probation violation because he had dual diagnoses of mental health illness and substance abuse disorder, his living conditions at the Serenity House were unsanitary, and Covid-19 forced him to quarantine at a hotel where he relapsed into drug use. The State counters Stotts' appeal is moot because he has completed his intermediate sanction. Alternatively, the State argues the sanction was appropriate because Stotts had been granted a dispositional departure and was warned at his last violation hearing that it was his last chance.

*Mootness*

The State has provided us with a custodial status notification showing Stotts has completed serving his intermediate sanction and, for this reason, argues Stotts' appeal is moot. Stotts does not contest this fact but responds to the State's mootness argument by asserting a live issue exists because, if we agree with him, he could be given the 180-day sanction at a future probation violation hearing.

Mootness is a legal question which we review de novo. *State v. Roat*, 311 Kan. 581, 590, 466 P.3d 439 (2020). Appellate courts do not generally decide moot questions or issue advisory opinions. However, "an appeal will not be dismissed as moot unless it is clearly and convincingly shown the actual controversy has ended, the only judgment that

3

could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights. [Citations omitted.]" *State v. Tracy*, 311 Kan. 605, 607-08, 466 P.3d 434 (2020). Mootness is a discretionary policy used by the courts to avoid unnecessary issues but allows a court to consider an issue "when judicial economy would benefit from a decision on the merits." *Roat*, 311 Kan. at 587. A case where a defendant only seeks review of a completed sentence is not necessarily moot if possible collateral consequences to the sentence are enough to justify review on the merits. 311 Kan. at 592.

The State relies on *State v. Montgomery*, 295 Kan. 837, 844, 286 P.3d 866 (2012), in which our Supreme Court found Montgomery's appeal of his probation revocation moot because Montgomery had completed his prison term. The Supreme Court determined that the district court had no authority to punish or supervise him any further in the case, so any action the court could take on Montgomery's probation revocation would not impact on his rights. 295 Kan. at 841.

*Montgomery* is easily distinguishable from Stotts' appeal. Here, Stotts is challenging the imposition of a 180-day intermediate prison sanction after he completed the sanction. But Stotts remains on probation; thus, the district court could still impose additional sanctions should he violate his probation again. Moreover, the district court's future ability to revoke Stotts' probation after another violation is dependent on our validation of the district court's 180-day sanction. See K.S.A. 2014 Supp. 22-3716(c)(1)(E). Thus, Stotts' appeal is not moot.

*Standard of Review*

We review the appropriateness of a district-court-imposed probation violation sanction for abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). Judicial discretion is abused if the action is an error of law, is an error of fact, or is one no reasonable person would agree with. *State v. Jones*, 306 Kan. 948, 957, 398

P.3d 856 (2017). Stotts bears the burden to establish such an abuse of discretion. See *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011).

A district court's discretion concerning the imposition of probation violation sanctions is limited by the provisions contained in K.S.A. 2014 Supp. 22-3716, the statute in effect at the time Stotts committed his original crimes of conviction. See *State v. Dooley*, 308 Kan. 641, 649, 423 P.3d 469 (2018) (discussing district court's discretion under graduated sanctioning scheme); *State v. Dominguez*, 58 Kan. App. 2d 630, 637, 473 P.3d 932 (2020) (finding intermediate sanctioning scheme in effect at time original crimes committed applies). With some exceptions, the district court is required to impose graduated intermediate sanctions before revoking an offender's probation. K.S.A. 2014 Supp. 22-3716(c).

At the time Stotts committed his crimes, intermediate sanctions included a 2- or 3-day jail sanction and a 120- or 180-day prison sanction. K.S.A. 2014 Supp. 22-3716(c)(1)(B), (C), (D). Here, the district court imposed a 180-day prison sanction, which could be imposed only after Stotts had been given a 2- or 3-day jail sanction. See K.S.A. 2014 Supp. 22-3716(c)(1)(D).

The parties proceed under the assumption that Stotts previously received a 2- or 3-day intermediate jail sanction prior to the district court's imposition of the 180-day intermediate prison sanction. The transcript of the probation violation hearing shows the district court assumed Stotts had previously received a two- or three-day intermediate jail sanction, and, when asked by the court, the probation officer confirmed this fact. However, the rest of the record does not appear to support the probation officer's representation. There is no journal entry filed establishing that a two- or three-day intermediate jail sanction had been previously imposed on Stotts. Moreover, the journal entry memorializing the probation violation hearing in which the district court imposed the 180-day intermediate prison sanction specifically fails to check the box indicating that

Stotts had previously received an intermediate sanction. It merely shows that Stotts had previously received a 30-day jail sanction pursuant to K.S.A. 2020 Supp. 22-3716(c)(9), which is the current version of K.S.A. 2014 Supp. 22-3716(c)(11). However, this sanction is not an intermediate sanction and is not subject to the same prerequisites. See K.S.A. 2014 Supp. 22-3716(c)(11). Thus, we have doubts about the district court's legal authority to impose a 180-day prison sanction upon Stotts.

However, at no point has Stotts ever challenged the district court's legal authority to impose the 180-day intermediate prison sanction. Before us, Stotts attacks only the wisdom of the district court's decision, arguing no reasonable person would agree with it. At the probation violation hearing, Stotts asked the district court to impose a 120-day intermediate prison sanction instead, suggesting Stotts may have invited any error by the district court because this intermediate sanction also cannot be imposed without Stotts having already received the 2- or 3-day intermediate jail sanction. See K.S.A. 2014 Supp. 22-3716(c)(1)(C); *State v. Stoll*, 312 Kan. 726, 735, 480 P.3d 158 (2021) (litigant may not invite error then complain of error on appeal). Thus, Stotts has waived any challenge to the district court's legal authority to impose the 180-day intermediate prison sanction. See *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021) (issue not briefed deemed waived or abandoned).

Addressing the merits of district court's action, Stotts asserts no reasonable person would agree with the district court's decision to impose such a severe sanction because of extenuating circumstances surrounding his violation. He argues a lesser sanction was more appropriate. Stotts was unsuccessfully discharged from Serenity House, then, while in quarantine in a hotel because of close contact with someone positive for Covid-19, Stotts submitted a positive UA for marijuana, amphetamines, methamphetamines, and MDMA. Stotts admitted to his probation officer that he did use those drugs. The district court found Stotts violated his probation, and Stotts does not challenge that finding here.

6

Agreeing with the State's request and contrary to Stotts' wishes, the district court imposed a 180-day intermediate prison sanction, explaining it did so because probation was originally granted as the result of a dispositional departure and, at Stotts' first probation violation hearing, the district court had warned him that this was his last chance—meaning Stotts needed to follow the conditions of his probation. The district court's stated reasons for imposing the sanction it did strike us as reasonable, and we see no abuse of discretion.

Affirmed.