NOT DESIGNATED FOR PUBLICATION

Nos. 124,049
124,053

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BILLY DARYL JACKSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed May 27, 2022. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., GREEN and GARDNER, JJ.

PER CURIAM: Billy Daryl Jackson appeals the district court's order on remand for resentencing, finding he could not begin serving his postimprisonment supervision for the two felony DUI convictions in these cases until he completed his prison sentences in two unrelated felony cases. We find the district court correctly applied K.S.A. 2018 Supp. 8-1567(b)(3). Accordingly, we affirm.

FACTS

Jackson entered guilty pleas to one count of felony DUI in each of two cases—18CR2488 and 19CR74. The State then dismissed a number of other charges in both cases. In 18CR2488, Jackson was sentenced to 12 months in jail with postimprisonment supervision to begin after 90 days in jail. In 19CR74, the district court imposed a consecutive sentence of 12 months in jail with postimprisonment supervision to begin after 90 days. In both cases, the district court authorized Jackson to satisfy the 90-day jail term in a work release facility after serving 120 total hours in jail.

Jackson's work release placement did not go well. A warrant was issued based on Jackson failing to return to the work release facility, and Jackson was arrested two months later. Jackson admitted to the violation, and the district court ordered him to serve his original sentences. But there was some confusion about what the district court intended. Jackson appealed, and the State agreed the case should be remanded for resentencing, so another panel of our court issued an order remanding for resentencing. At the remand hearing, the district court clarified it intended for Jackson to serve the 90-day jail term in each case before beginning his postimprisonment supervision. However, the district court determined, by the time of the hearing, Jackson had already satisfied those sentences as he had been in jail to that point. But a dispute arose as to when Jackson was to begin his postimprisonment supervision because Jackson had also been sentenced to terms of imprisonment—23 months in total—in two unrelated cases, 19CR3117 and 19CR3381, consecutive to his sentences in the present cases.

Jackson argued his postimprisonment supervision should have begun when he completed his jail sentence in 19CR74 on February 24, 2020. The district court disagreed, finding Jackson could not begin serving his postimprisonment supervision for his sentences in 18CR2488 and 19CR74 until he completed his prison sentences in his other two cases. Additional facts are set forth as necessary.

2

Jackson argues the plain language of K.S.A. 2018 Supp. 8-1567(b)(3) requires his postimprisonment supervision begin as soon as he completed his 2 consecutive 90-day jail terms imposed for his 2 felony DUI convictions. Accordingly, his argument presents an issue of statutory interpretation, which is a question of law subject to unlimited review. *State v. Stoll*, 312 Kan. 726, 736, 480 P.3d 158 (2021). However, Jackson acknowledges his argument has been rejected by two prior panels of this court in *State v. Baska*, No. 121,739, 2020 WL 4380944, at *6 (Kan. App. 2020) (unpublished opinion), and *State v. Martinez*, No. 117,875, 2018 WL 4039405, at *6 (Kan. App. 2018) (unpublished opinion).

We find *Baska* and *Martinez* are well-reasoned and properly interpret the plain language of K.S.A. 2018 Supp. 8-1567(b)(3). As the *Martinez* panel noted: "When the statute is read as a whole, it is clear that the Legislature intended the period of post-imprisonment supervision to be served after the terms of imprisonment were served in all consecutive sentences." 2018 WL 4039405, at *6. *Martinez* properly recognized we must not construe the statute in a manner which leads to an absurd result or nullifies the Legislature's intent. See *State v. Smith*, 311 Kan. 109, 114, 456 P.3d 1004 (2020); *State v. Keel*, 302 Kan. 560, 573-74, 357 P.3d 251 (2015).

The *Martinez* panel's reasoning logically interprets the plain language of K.S.A. 2018 Supp. 8-1567(b)(3), which provides, in relevant part:

> "The court shall determine whether the offender, upon release from imprisonment, shall be supervised by community correctional services or court services . . . . After the term of imprisonment imposed by the court, the person shall be placed on supervision to community correctional services or court services, as determined by the court, for a mandatory one-year period of supervision, which such period of supervision shall not be reduced. During such supervision, the person shall be required to participate in a

multidisciplinary model of services for substance use disorders facilitated by a Kansas department for aging and disability services designated care coordination agency to include assessment and, if appropriate, referral to a community based substance use disorder treatment including recovery management and mental health counseling as needed. The multidisciplinary team shall include the designated care coordination agency, the supervision officer, the Kansas department for aging and disability services designated treatment provider and the offender. . . . Any violation of the conditions of such supervision may subject such person to revocation of supervision and imprisonment in jail for the remainder of the period of imprisonment, the remainder of the supervision period, or any combination or portion thereof."

From the plain language of K.S.A. 2018 Supp. 8-1567(b)(3), it is clear the term of supervision begins "upon release from imprisonment." Because Jackson's prison sentences in his two unrelated cases were consecutive to any other sentences, he had not been released from imprisonment at the time of resentencing. K.S.A. 2018 Supp. 8-1567(b)(3) also requires he "be supervised by community correctional services or court services," which cannot be done while he is in the custody of the Kansas Department of Corrections (KDOC) serving his other sentences. Further, Jackson is "required to participate in a multidisciplinary model of services for substance use disorders facilitated by a Kansas department for aging and disability services designated care coordination agency to include assessment and, if appropriate, referral to a community based substance use disorder treatment," which is likewise inconsistent with his imprisonment in KDOC custody on other cases. See K.S.A. 2018 Supp. 8-1567(b)(3).

The *Martinez* panel soundly concluded:

"When a DUI offender is placed on post-imprisonment supervision, the offender is supervised by community correctional services or court services and is required to participate in a multidisciplinary model of services for substance abuse disorders, including an assessment and referral to community-based substance abuse disorder treatment. This requirement could not be met while the DUI offender is serving time in

4

jail on another case. . . . After all of the jail time is served, the purpose of placing the offender in the community under post-imprisonment supervision then can be realized." 2018 WL 4039405, at *6.

The *Baska* panel adopted the reasoning in *Martinez* and rejected Baska's argument his postimprisonment supervision for felony DUI should have begun while he was still serving his misdemeanor jail sentences for transporting an open container and driving without an ignition interlock device. *Baska*, 2020 WL 4380944, at *5-6. We apply the same reasoning here and reject Jackson's argument. To conclude otherwise would nullify the Legislature's intent and lead to an absurd result—one this court cannot abide. See *Smith*, 311 Kan. at 114. Here, the district court properly concluded K.S.A. 2018 Supp. 8-1567(b)(3) did not allow Jackson to begin serving his postimprisonment supervision until he was released from prison after completing his consecutive sentences.

Affirmed.