NOT DESIGNATED FOR PUBLICATION

No. 125,046

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID ANTHONY CALLAHAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GERALD R. KUCKELMAN, judge. Opinion filed December 23, 2022. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2021 Supp. 21-6820(g) and (h).

Before MALONE, P.J., HURST and COBLE, JJ.

PER CURIAM: David Anthony Callahan appeals his jail sentence following his convictions for interference with law enforcement and battery on a law enforcement officer. Callahan argues that the district court abused its discretion in two ways: the length of his concurrent sentences on these two offenses, and that the sentences are to run consecutive to those in two prior cases. This court granted Callahan's motion for summary disposition under Kansas Supreme Court Rule 7.014A (2022 Kan. S. Ct. R. at 48).

1

FACTUAL AND PROCEDURAL BACKGROUND

Callahan pled no contest to one count of interference with law enforcement and one count battery on a law enforcement officer—both class A misdemeanors. See K.S.A. 2021 Supp. 21-5904(a)(3), (b)(5)(B); K.S.A. 2021 Supp. 21-5413(c)(1)(B), (g)(3)(A). The district court imposed a 12-month sentence on each count and ordered them to run concurrent with each other. The district court also ordered the sentence in this case to run consecutive to Callahan's two prior cases.

Callahan filed a timely notice of appeal.

*Analysis*

Callahan first argues regarding the length of his sentence(s). He claims the district court erred when it imposed a jail term of 12 months for the offense of interference with law enforcement, a class A nonperson misdemeanor. Callahan also contends that the district court erred when it imposed a jail term of 12 months for the offense of battery on a law enforcement officer, a class A person misdemeanor. The potential term of confinement for these class A misdemeanor offenses is outlined in K.S.A. 2021 Supp. 21-6602(a)(1).

Statutory interpretation presents a question of law over which appellate courts have unlimited review. *State v. Stoll*, 312 Kan. 726, 736, 480 P.3d 158 (2021).

Under K.S.A. 2021 Supp. 21-6602(a)(1), a district court is authorized to impose a sentence of up to one year for a class A misdemeanor ("shall not exceed one year"). And as Callahan acknowledges in his motion, a district court's sentence within statutory limits will not be disturbed on appeal unless the appellant can show the district court abused its

discretion. See *State v. Moser*, 299 Kan. 1, 3, 319 P.3d 1253 (2014) (applying an abuse of discretion standard to review non-Kansas Sentencing Guidelines Act sentences).

A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). The burden to show that the district court abused its discretion rests on Callahan. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

Callahan fails to establish that the district court's decision to impose a 12-month sentence for either of these class A misdemeanor offenses was arbitrary, fanciful, or unreasonable or that it was based on an error of law or an error of fact. See *Levy*, 313 Kan. at 237.

Second, Callahan argues that the district court erred when it ran his sentence consecutive to two of his prior cases. Generally, whether a sentence should run consecutive to or concurrent with another sentence is within the sound discretion of the district court. *State v. Ross*, 295 Kan. 1126, 1138, 289 P.3d 76 (2012).

Again, Callahan fails to establish that the district court's decision to run his sentence consecutive to his prior cases was arbitrary, fanciful, or unreasonable. Nor does Callahan establish that the district court's decision was based on an error of fact or an error of law.

Affirmed.