NOT DESIGNATED FOR PUBLICATION

No. 124,001

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

EMPLOYERS MUTUAL CASUALTY COMPANY,
as Subrogee of CUSTOM WOOD PRODUCTS, INC.,
*Appellant*,

v.

JAYHAWK FIRE SPRINKLER COMPANY, INC.,
*Appellee*.

MEMORANDUM OPINION

Appeal from Pottawatomie District Court; JEFFREY R. ELDER, judge. Oral argument held September 19, 2023. Opinion filed January 12, 2024. Reversed and remanded.

*Marc A. Powell*, of Powell Law Office, of Wichita, for appellant.

*Tracy A. Cole* and *Cameron S. Bernard*, of Goodell Stratton Edmonds & Palmer, LLP, of Topeka, for appellee.

Before BRUNS, P.J., PICKERING, J., and TIMOTHY G. LAHEY, S.J.

PER CURIAM:  In 2013, Jayhawk Fire Sprinkler Company, Inc. (Jayhawk), installed a fire protection and sprinkler system for Custom Wood Products, Inc. (CWP). The system failed in 2018, and Employers Mutual Casualty Company (EMC), CWP's insurer, paid $56,802 for damages caused by the system failure. EMC then filed the present subrogation action against Jayhawk to recover the amount of damages paid under the insurance policy. EMC's claim is rooted in the purported negligent 2013 installation of the fire protection system.

1

Relying on facts asserted by Jayhawk, the district court granted Jayhawk's motion to dismiss on grounds that CWP had waived EMC's subrogation rights. Because the district court considered facts outside EMC's petition when making its ruling, the court was obligated to treat Jayhawk's motion as one for summary judgment, and it erred by declining to do so. Because facts must be established through the summary judgment process, a ruling on the subrogation waiver issue is not yet ripe. We reverse the ruling of the district court and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

EMC filed a petition against Jayhawk in October 2019 seeking to recover damages based on a loss caused by Jayhawk to EMC's insured, CWP. According to the petition, Jayhawk was liable for negligently installing a fire protection system for CWP in 2013, breaching an implied covenant of good workmanship, and breaching an implied contract.

Jayhawk responded to EMC's petition by filing a motion to dismiss for failure to state a cause of action, arguing that EMC had no right of subrogation against Jayhawk because CWP had waived those rights. To establish the factual basis for the waiver, Jayhawk attached a copy of a 2017 work invoice for an inspection of CWP's fire protection system, and that invoice contained the waiver language upon which Jayhawk relies. Notably, EMC's petition does not claim Jayhawk's 2017 work was the source of the system failure that led to this lawsuit. But Jayhawk made the additional factual allegation in its motion to dismiss that "all invoices for any work Jayhawk did for CWP" included the waiver language that appears in the 2017 invoice. If true, this means the language in the 2017 work invoice would have also been present in any invoice for the allegedly negligent work done in 2013.

EMC's response characterized Jayhawk's motion as incorporating matters outside the pleadings. Accordingly, and in reliance on K.S.A. 2022 Supp. 60-212(d), EMC asked

2

the district court to treat Jayhawk's motion as one for summary judgment. EMC also argued that it was not bound by any subrogation waiver by CWP.

The district court ruled that it was not required to treat Jayhawk's motion as a summary judgment motion. The court concluded that it could consider the additional materials proffered by Jayhawk because EMC made "specific references to the terms and conditions included in the invoices for [Jayhawk's] work." On the merits, the court granted Jayhawk's motion to dismiss, finding that CWP, having released Jayhawk from liability, could not bring a claim on its own behalf against Jayhawk. The court reasoned that EMC could not pursue a subrogation claim based on a claim that CWP was prohibited from bringing.

EMC's motion to alter and vacate the journal entry of dismissal was likewise denied, and EMC appeals.

ANALYSIS

I. *The district court erred by declining to treat Jayhawk's motion to dismiss as a motion for summary judgment.*

Jayhawk moved for dismissal under K.S.A. 2022 Supp. 60-212(b)(6), contending that EMC's petition fails to state a claim upon which relief can be granted. When a motion is made under K.S.A. 2022 Supp. 60-212(b)(6) and "matters outside the pleadings are presented to and not excluded by the court," then "the motion must be treated as one for summary judgment under K.S.A. 60-256." K.S.A. 2022 Supp. 60-212(d). Additionally, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." K.S.A. 2022 Supp. 60-212(d). K.S.A. 2022 Supp. 60-256 and Supreme Court Rule 141 (2023 Kan. S. Ct. R. at 223) "govern the form

3

and manner of presenting these outside matters." *Sperry v. McKune*, 305 Kan. 469, Syl. ¶ 4, 384 P.3d 1003 (2016).

Because motions to dismiss necessarily involve legal questions that must be resolved on the face of the petition, appellate courts employ these same principles and give no deference to the district court's evaluation of the case. See *Cohen v. Battaglia*, 296 Kan. 542, Syl. ¶ 1, 293 P.3d 752 (2013). Our resolution of this issue requires statutory interpretation, a matter over which this court exercises unlimited review. *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019).

A. *EMC preserved its claim that the district court considered matters outside of the petition.*

As an initial matter, Jayhawk contends that EMC failed to preserve this issue for appeal. Generally, arguments cannot be raised for the first time on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). We find no merit in this contention.

In its response to Jayhawk's motion to dismiss, EMC asserted that Jayhawk's motion should be treated as a motion for summary judgment because Jayhawk's statement of facts went "beyond the actual allegations in plaintiff's petition." Jayhawk complains that EMC was not specific in detailing precisely how Jayhawk's motion went beyond the pleadings, and EMC did not "challenge the authenticity of the terms and conditions of the waiver-of-subrogation clause that Jayhawk attached." Instead, because EMC's argument focused primarily on the substance of the subrogation waiver provision, Jayhawk claims that EMC's "argument to the District Court accepted such waiver's existence," and EMC has failed to preserve this issue on appeal. However, EMC's appellate brief explains in more detail the Jayhawk allegations that go beyond the facts alleged in the petition. Specifically, EMC asserts that the 2017 work invoice was not

4

referenced in the petition, nor did any wording in the petition state that "all invoices for any work Jayhawk did for CWP" included a waiver of subrogation provision.

Though EMC was not as detailed before the district court as it is on appeal, it cannot be said that EMC failed to preserve the issue of how the district court should have treated Jayhawk's motion to dismiss. EMC clearly raised this issue in responding to Jayhawk's motion to dismiss, and the district court expressly denied EMC's request to treat the motion to dismiss as a summary judgment motion. Furthermore, this court has previously considered whether a district court considered matters outside the pleadings, even when the issue was not raised below, because consideration of the issue is necessary for this court to determine the correct standard of review. *Lehman v. City of Topeka*, 50 Kan. App. 2d 115, 117, 323 P.3d 867 (2014). We find that EMC preserved this issue for appeal.

Relatedly, Jayhawk also argues that any error in considering the 2017 work invoice was invited by EMC. Whether the doctrine of invited error applies is a question of law subject to unlimited review. *State v. Stoll*, 312 Kan. 726, 735, 480 P.3d 158 (2021). The doctrine of invited error provides that "[g]enerally, a litigant may not invite an error and then complain of the error on appeal." 312 Kan. at 735.

Jayhawk's argument is not persuasive. EMC asked the court not to consider the 2017 work invoice. EMC then responded to Jayhawk's argument that the waiver of subrogation provision in the 2017 work invoice was enforceable. Responding to Jayhawk's argument does not amount to inviting the district court to consider the waiver of subrogation clause in the 2017 work invoice nor is it an admission that the provision applied to EMC's claim—which is based on actions that took place in 2013.

5

B. *The district court considered facts outside the petition.*

When addressing a K.S.A. 2022 Supp. 60-212(b) motion, the district court is typically limited to considering only the plaintiff's petition. *Minjarez-Almeida v. Kansas Board of Regents*, 63 Kan. App. 2d 225, 242, 527 P.3d 931 (2023). If a claim in a pleading is founded on a written instrument, the instrument can be attached to the pleading as an exhibit and considered in a motion to dismiss. K.S.A. 2022 Supp. 60-209(h); 63 Kan. App. 2d at 242. When a written instrument is central to a plaintiff's claim and is not attached to the petition, "'a defendant may submit—and a court may consider—an undisputedly authentic copy of the document without transforming the motion to dismiss into a motion for summary judgment.'" 63 Kan. App. 2d at 242. The reasoning behind this is that "plaintiffs should not be permitted to circumvent dismissal by failing to attach or accurately describe a written contract on which a lawsuit is based when no one disputes a contract's authenticity." *Crosby v. ESIS Insurance*, No. 121,626, 2020 WL 6372266, at *3 (Kan. App. 2020) (unpublished opinion), *rev. denied* 314 Kan. 854 (2021).

EMC's petition makes no reference to any negligence or contract claim arising from work done by Jayhawk in 2017. Rather, the petition alleges that Jayhawk's negligent installation of the fire protection system occurred in 2013, and it alleges that Jayhawk refused to pay for damages it caused on the basis that EMC's subrogation rights were waived "in 2013 when Jayhawk's work was invoiced." Yet, the district court's decision relies on a Jayhawk invoice from 2017 for work which is not part of EMC's claim. The court also did not exclude, as required by K.S.A. 2022 Supp. 60-212(d), Jayhawk's unsupported assertion that "all invoices for any work Jayhawk did for CWP" included a waiver of subrogation clause. The district court declined to treat Jayhawk's motion as a motion for summary judgment because it determined the 2017 work invoice was "referenced" in EMC's petition. But the mere reference to a document in a petition does not make the document "'central to the plaintiff's claim'" or proper for submission by a

6

defendant and consideration by the court in a motion to dismiss. See 2020 WL 6372266, at *3. As our court stated in *Minjarez-Almeida*, "when a petition refers to an unattached document *central* to the plaintiff's claim, a defendant may submit—and a court may consider—an undisputedly authentic copy of the document without transforming the motion to dismiss into a motion for summary judgment." (Emphasis added.) 63 Kan. App. 2d 225, Syl. ¶ 5.

Here, the district court found that Jayhawk "included *the invoice* with terms and conditions referred to by [EMC] in its Petition." (Emphasis added.) But the attached invoice is from 2017, not 2013 when the negligence purportedly occurred. The 2017 work invoice for maintenance on the fire sprinkler system is not—insofar as the pleadings or the document itself reveal—related, much less central, to the claims in EMC's petition. The 2017 invoice has no self-apparent impact on EMC's claims arising from work performed in 2013. Whether a waiver of subrogation clause exists for the work performed in 2013 is established here only by the unsupported assertion by Jayhawk that "all invoices for any work Jayhawk did for CWP" included the clause. That contention, along with the 2017 work invoice, were matters outside the pleadings and were considered by the district court in its ruling. When considering a motion to dismiss for failure to state a claim, K.S.A. 2022 Supp. 60-212(d) plainly provides that when "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under K.S.A. 60-256." The district court erred by not granting EMC's request to convert the motion to one for summary judgment.

We reverse the dismissal of EMC's petition by the district court and remand this matter to the district court for further proceedings.

Reversed and remanded.